■ In the Matter of JOHN MENDEZ, Appellant, v JOSEPH A. F. VALENTI, as President of the New York State Commission of Civil Service, et al., Respondents. — Appeals (1) from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered October 15, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents discharging petitioner from his position in the State Department of Civil Service, and (2) from an order of said court, entered March 17, 1983 in Albany County, which denied petitioner's motion for reargument and/or renewal. ¶ Petitioner was selected for a temporary noncompetitive appointment as Associate Affirmative Action Program Specialist in the State Department of Civil Service (department) effective July 31, 1980. On March 19, 1981, the noncompetitive classification was approved by the Governor's office and filed with the Secretary of State. Petitioner was notified by letter dated October 6, 1981 that his position had been changed to permanent status effective March 19, 1981, subject to a probationary term of 26 to 52 weeks (see 4 NYCRR 4.5). By letter dated March 11, 1982, petitioner was

advised that he would be terminated from his position effective March 24, 1982. By order to show cause, petitioner commenced this CPLR article 78 proceeding alleging that he was an honorably discharged veteran within the meaning of section 85 of the Civil Service Law holding a position by permanent appointment and, therefore could not be removed except for incompetence or misconduct shown after a hearing upon stated charges pursuant to section 75 (subd 1, par [b]) of the Civil Service Law. Special Term dismissed the petition and petitioner appeals from the judgment entered thereon. Thereafter, petitioner moved to reargue and/or renew on the basis of newly discovered evidence. Special Term denied the motion and petitioner also appeals from this order. ¶ We reject petitioner's claim that he was entitled to a hearing pursuant to section 75 of the Civil Service Law. There is no merit to petitioner's assertion that he was a permanent employee when he commenced working in August, 1980 and that any probationary term, therefore, ended in August, 1981, well before his termination. Petitioner's original letter of appointment dated July 18, 1980 from the department's personnel director clearly states that petitioner's position was temporary. Moreover, there is nothing in the record to indicate that Audrey Harvey, a deputy director of affirmative action in the department who petitioner claims hired him as a permanent employee in August, 1980, and who states in her affidavit that she intended for petitioner's permanent appointment to begin in August, 1980, had any authority to confer permanent status upon petitioner (see 4 NYCRR 2.2). Any representations that Harvey may have made do not estop respondents (see *Public Improvements v Board of Educ.,* 56 NY2d 850; *Matter of McLaughlin v Berle,* 71 AD2d 707, 708, affd 51 NY2d 917). ¶ We also reject petitioner's claim that his termination without a hearing was untimely, even if his appointment to the permanent position was on March 19, 1981, because his termination was effective March 24, 1982, after the end of his 52-week probationary term. It is undisputed that petitioner's letter of termination was dated March 11, 1982 and was received by petitioner on March 12, 1982, before the end of the probationary term. It further appears from the affidavit of the department's personnel director that the March 24, 1982 termination date was chosen for administrative convenience in payroll certification. Petitioner's service past the end of his probationary term was permissible in view of the facts that it was short in duration (see *Matter of Marasco v Morse,* 9 Misc 2d 296, 301, affd 263 App Div 1063, affd 289 NY 768), for administrative convenience (*id.*), and with prior notice of termination (see *Matter of Rosenberg v Wickham,* 36 AD2d 881, 882). Thus, petitioner had not attained permanent status and could be discharged at any time without a hearing, without charges being filed, or without specific reasons being given so long as respondent's action was not in bad faith and arbitrary and capricious (see, e.g., *Matter of Talamo v Murphy,* 38 NY2d 637, 639; *Matter of Lentlie v Egan,* 94 AD2d 839, 840, affd 61 NY2d 874). Inasmuch as petitioner did not allege bad faith in his petition and, in any event, because review of the record discloses that petitioner's work performance was consistently evaluated as poor (cf. *Matter of Mendez v New York State Human Rights Appeal Bd.,* 96 AD2d 1132), respondents' actions cannot be deemed to have been in bad faith and were not arbitrary and capricious. ¶ To the extent that Special Term's order denied the motion to reargue, it is not appealable (see, e.g., *Marine Midland Bank v Bowker,* 89 AD2d 194, 195, affd 59 NY2d 739). To the extent that the order denied the motion to renew, Special Term properly denied the motion. The new evidence presented by petitioner, concerning remarks by respondents' counsel to the effect that petitioner was terminated because of his alleged failure to report to the job in New York City, does not indicate bad faith on the part of respondents, especially considering petitioner's substandard work (cf. *Matter of Mendez v*

*New York State Human Rights Appeal Bd., supra).* ¶ Judgment and order affirmed, without costs. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.