■ JOSEPH CHYRYWATY, Appellant, v CAROL A. CHYRYWATY, Respondent. — Appeals (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered October 4, 1983 in Albany County, which granted defendant's motion for certain relief *pendente lite,* and (2) from an order of said court, entered March 2, 1984 in Albany County, which denied plaintiff's motion for reargument and for reverse partial summary judgment. ¶ Plaintiff appeals from an order of Special Term entered October 4, 1983 which, *inter alia,* required him to pay the mortgage, taxes and insurance for the marital residence, as well as $100 per week for temporary maintenance and $50 per week for temporary child support, and to maintain all existing available insurance coverage for defendant and the parties' children. Plaintiff also appeals from an order of Special Term entered March 2, 1984 which denied his motions for resettlement of the October 4, 1983 order, for reargument, rehearing and renewal or modification of the prior order, and for reverse summary judgment of divorce on defendant's first counterclaim. We affirm. ¶ Initially, we again emphasize that the most effective method to resolve claimed inequities in an award *pendente lite* is a speedy trial (see, e.g., *Beckwith v Beckwith,* 95 AD2d 943, 944; *Baranyk v Baranyk,* 73 AD2d 1004, 1005). This would appear especially true in a case such as this where the affidavits and supporting documents present sharply conflicting views of the financial situation of the parties and a speedy trial would permit prompt examination of the facts in far greater detail and much more accurately than on a motion for temporary relief (see, e.g., *Woram v Gilliam,* 78 AD2d 796). We further note that the award of temporary maintenance and child support is within Special Term's discretion and should not be upset absent an abuse of that discretion (see, e.g., *Liss v Liss,* 87 AD2d 681, 682; *Baranyk v Baranyk, supra*). ¶ Our review of the record reveals that considering the disparity in the parties' incomes, the needs of the respective parties, the recent hospitalization of defendant, and the difficulties encountered by defendant in securing full-time employment, the temporary award made by Special Term cannot be deemed an abuse of discretion.[1] The failure of Special Term to enumerate the reasons for its decision as to the award *pendente lite,* as required by section 236 (part B, subd 6, par b) of the Domestic Relations Law (see *Liss v Liss, supra*), does not require reversal or remittal for our discussion above concerning the reasons for the award remedies any such omission (see *Berley v Berley,* 97 AD2d 726, 727 [Silverman, J., concurring]). To hold otherwise would be counterproductive to our previously expressed view that a speedy trial is the best remedy for an alleged improper temporary award. ¶ Furthermore, we reject plaintiff's claim that the alleged procedural improprieties require reversal. The failure to use the long form financial affidavit (22 NYCRR 117.2) is not jurisdictional in nature and, inasmuch as the record reveals that plaintiff did not object to defendant's use of a different form, cannot prevent the court from proceeding where full financial disclosure was made. The record also reveals that the order was served upon plaintiff's then attorney at a time when defendant's attorney was in the hospital and without notice of plaintiff's substitution of attorneys and, thus, there is no merit to plaintiff's improper service claim (see CPLR 2103, subd [b]). Accordingly, Special Term's award *pendente lite* should be affirmed. ¶ We further note that although plaintiff never raised the issue of visitation until he sought rehearing, defendant does not seriously object to consideration of the issue of visitation. There does not appear to be any compelling circumstances which

---

1. We express no opinion as to what might constitute an appropriate award after trial.

would prohibit the noncustodial parent from visiting the child in the custody of the other parent and, consequently, it would be appropriate for Special Term to entertain a proper motion for visitation. ¶ We also find no error in the denial of plaintiff's motion for resettlement, reargument, rehearing, renewal and/or modification. No appeal lies from the denial of a motion to reargue (see *Matter of Mendez v Valenti,* 101 AD2d 612; *Marine Midland Bank v Bowker,* 89 AD2d 194, 195, affd 59 NY2d 739) or from the denial of a motion to resettle (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2221:7, p 158). Inasmuch as there were no newly discovered facts and no change in circumstances, there was no reason to rehear, renew or modify the October 4, 1983 order (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2221:9, pp 160-161). ¶ Likewise, Special Term properly denied defendant's motion for reverse partial summary judgment of divorce. Despite decisions in the First and Second Departments to the contrary (see, e.g., *Nemet v Nemet,* 99 AD2d 828, 829, app dsmd 62 NY2d 777; *Peerce v Peerce,* 97 AD2d 718; *Leeds v Leeds,* 94 AD2d 788, app dsmd 60 NY2d 641; see, also, Kornstein, "Bad" Divorce Bill in the Works, NYLJ, May 10, 1984, p 2, col 3; but cf. *Valinoti v Valinoti,* NYLJ, April 20, 1984, p 13, col 4 [Lazer, J. P., dissenting]), we adhere to our previous holding in *Nemia v Nemia* (90 AD2d 871, 872-873, mot for lv to app granted 97 AD2d 559) which rejected the availability of reverse summary judgment prior to the trial of a matrimonial action.[2] Our decision in *Wilson v Wilson* (97 AD2d 897) is not to the contrary because neither party raised the propriety of reverse summary judgment on appeal. Additionally, the Court of Appeals has not yet ruled on the merits of this issue, the dismissal by that court in *Leeds v Leeds* (*supra*) being *sua sponte* upon the ground that the plaintiff wife was not a party aggrieved (see, also, *Nemet v Nemet,* 62 NY2d 777, *supra*). Accordingly, Special Term properly recognized that the rule in *Nemia* remains good law in this Department and, accordingly, the denial of plaintiff's motion for reverse partial summary judgment requires affirmance. ¶ Orders affirmed, without costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.

## (June 29, 1984)

**2.** We also note that the Fourth Department has failed to address the merits of this issue (see *Miller v Miller,* 98 AD2d 987).