■ LESLIE SCHELLING, II, Appellant, v LEONA SCHELLING, Respondent.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered February 29, 1988 in Ulster County, which granted defendant's motion for an award of temporary maintenance.

Plaintiff and defendant were married in 1961. In May 1987, plaintiff commenced this action for divorce on the ground of cruel and inhuman treatment. Defendant then moved for $400 per week as temporary maintenance, exclusive possession of the marital residence, $5,000 for counsel fees and a direction that plaintiff provide her with medical and life insurance coverage. The motion papers, including the supporting affidavits and statements of net worth, conflict in many respects, particularly as to the amount of defendant's liquid assets and plaintiff's weekly income. Supreme Court granted, *inter alia,* that part of defendant's motion seeking temporary maintenance and ordered plaintiff to pay defendant temporary maintenance in the sum of $230 per week. The court did not set forth any reasons for its determination. After plaintiff's motion to resettle, renew and reargue was denied, this appeal by plaintiff ensued.

In the absence of any factual findings by Supreme Court, we are unable to determine if, as plaintiff contends, the temporary maintenance award is excessive. Domestic Relations Law § 236 (B) (6) (b) requires the court to give reasons for its decision. This court may overlook that failure if there is a comprehensive record and extensive factual findings that provide a basis for intelligent review *(Rosenstock v Rosenstock,*

139 AD2d 164, 167; *Matter of Gulli v Gulli,* 118 AD2d 970, 971). Here, Supreme Court did not make any findings of fact, but simply made its determination and stated what documents it had considered in reaching its decision. Accordingly, we are constrained to remit this matter to Supreme Court to set forth the reasons for its decision pursuant to the statutory directive.

We take this opportunity to reemphasize that unless calendar congestion dictates otherwise, a prompt trial of the divorce action, following which the amount of maintenance, if any, can finally be determined, is a more appropriate means of resolving the issue of temporary maintenance than an appeal *(Chyrywaty v Chyrywaty,* 102 AD2d 1009).

Decision withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.