■ KENNETH D. HOLMES, Appellant, v JUDITH A. HOLMES, Respondent—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered January 17, 1989 in Albany County, which, *inter alia,* granted defendant's motion for maintenance pendente lite.

When plaintiff and defendant married in September 1981, they each had two children by previous marriages; all but defendant's youngest have reached the age of 21. During their marriage plaintiff offered to adopt defendant's children but the offer was rejected. In July 1988, plaintiff left the marital residence and commenced an action for divorce, simultaneously seeking and ultimately securing, by order to show cause, a preliminary injunction prohibiting defendant from disposing of marital assets.

---

After issue was joined, defendant moved by order to show cause for an award of temporary maintenance and child support. Defendant, at one time a financial analyst, left her job 1½ years into the marriage and had at the time of the motion been unsuccessful in securing new employment. She estimated her monthly income at $750 in interest and dividends and monthly expenses of nearly $6,900, although that amount included expenses associated with income producing property and other expenses for which plaintiff could not be held responsible. Supreme Court awarded temporary maintenance of $3,000 per month, retroactive to August 15, 1988, and no child support. In addition to providing for payment of the arrearage in installments, the court ordered that: "to the extent that defendant used capital assets for living expenses from August 15, 1988 to date, plaintiff may deposit the arrearage in a separately marked account and any remainder paid over to defendant". Among other relief granted, Supreme Court continued the preliminary injunction against defendant and extended its application to assets held by plaintiff, although defendant did not seek such relief. Plaintiff appeals from the award of temporary maintenance and that part of the order which enjoins him from disposing of all but approximately $8,000 in assets.

Plaintiff argues that the award of pendente lite maintenance is excessive, that Supreme Court failed to discount expenses attributable to his stepchildren, and that the above-quoted language is void for vagueness. Defendant asserts that plaintiff's substantial noncompliance with 22 NYCRR 202.16 (g) in reporting his assets and liabilities waives his right to appeal. At the outset we note that while such noncompliance entitled Supreme Court to draw inferences favorable to defendant (22 NYCRR 202.16 [g] [4] [i]) and thus serves as a ground for refusing to address the merits of plaintiff's arguments on appeal, it does not void his right to appeal.

As a matter of policy, we are reluctant, in matrimonial actions, to modify pendente lite awards, favoring instead a speedy trial as "the most effective method to resolve claimed inequities" (Chyrywaty v Chyrywaty, 102 AD2d 1009; see, Schelling v Schelling, 145 AD2d 856). Interlocutory appeals are appropriate, however, "[w]hen the ordered maintenance payments are so prohibitive as to prevent the payor spouse from meeting his or her own financial obligations" or where justice otherwise requires (Wesler v Wesler, 133 AD2d 627, 628). Here, the record is so sketchy and the facts so sharply controverted that it is difficult to determine plaintiff's obliga-

tions, needs and ability to pay. Considering that some of this ambiguity derives from plaintiff's failure to be completely forthright and to comply with 22 NYCRR 202.16 *(see, Richter v Richter,* 131 AD2d 453, 455) and that his December 31, 1987 balance sheet shows a net worth in excess of $860,000, we would not address the merits of the pendente lite award were it not for the fact that he has a separate, valid ground for challenging the subject order, namely, Supreme Court's *sua sponte* imposition, without notice, of a preliminary injunction restraining plaintiff from transferring or encumbering property other than in the course of ordinary business, making an appeal necessary in any event. Apropos of the court's decision in this respect, we note that although Supreme Court "has the power to issue preliminary injunctions aimed at the preservation of marital assets pending equitable distribution" *(Monroe v Monroe,* 108 AD2d 793, 794), pursuant to Domestic Relations Law § 234, independent of the requirements of CPLR article 63, "[d]ue process requires * * * that the party so enjoined receive notice that the court will consider such a remedy" *(supra,* at 794).

Turning to defendant's estimate of monthly expenses in the amount of $6,899.24, we find that over $2,000 is attributable to joint expenses of plaintiff and defendant such as a mortgage on their income producing property and over $1,900 in expenses relate to support of defendant's children, leaving a balance in the neighborhood of $3,000. Subtracting defendant's $750 investment income produces a deficit of $2,250.

We disagree with plaintiff's assertion that the language in Supreme Court's order is too vague to give notice of what is required of him. "Living expenses" connotes reasonable personal expenses such as food, clothing, shelter and transportation; "capital asset" is a well-defined term of art *(see, e.g.,* 26 USC § 1221); moreover, the challenged language is permissive with respect to plaintiff.

Order modified, on the law and the facts, without costs, by (1) reducing the award of maintenance pendente lite to $2,250 per month, and (2) reversing so much thereof as enjoined plaintiff from transferring assets, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.