■ LAURA M. CORSINI, Also Known as LAURA MAY, Respondent, v AUGUST F. CORSINI, Appellant.—

Order of said court, entered on or about August 21, 1989, awarding pendente lite maintenance and child support to plaintiff, unanimously modified, in the exercise of discretion,

to the extent of reducing the temporary maintenance award from $500 per week to $250 per week and the child support award from $250 per week to $125 per week, such amounts to be retroactive to the date of the order appealed from, and further reducing payments now due for retroactive sums to a total of $375 per week, and otherwise affirmed, without costs.

The parties were married to each other on two separate occasions for a total of 12 years. Plaintiff wife is 38 years old and is currently unemployed. Defendant husband is 59 years old and is a mechanical engineer earning $132,000 a year plus bonuses. There are two children of the marriage, ages five and 3½ years. The children live with plaintiff. The defendant's action in Dutchess County was instituted first. One week later plaintiff sued for divorce in New York County. Issue has not been joined in either action.

Thereafter, defendant moved to dismiss plaintiff's action pursuant to 3211 (a) (4) on the grounds that there was a previous action pending in Dutchess County. Plaintiff opposed the motion, alleging, *inter alia,* the convenience of witnesses. (CPLR 510.) Plaintiff further cross-moved for pendente lite relief.

After ordering and considering supplemental affidavits with respect to the issue of convenience of material witnesses, the court determined that most of the significant contacts were in New York County, that New York County was where venue should lie and that the two actions would be jointly tried before the court.

In its subsequent order of August 21, 1989, the IAS court awarded plaintiff $500 weekly in temporary maintenance and $250 weekly in temporary child support and ordered that defendant pay the mortgage, utility fees and other charges on both the New York County and Dutchess County residences. Defendant was also ordered to continue all policies of life, medical and dental insurance, and to pay retroactive sums due at the rate of $750 per week.

Thereafter, on October 5, 1989, upon a motion by defendant, this court reduced defendant's temporary maintenance and child support obligation to $300 per week and stayed payment of retroactive sums pending determination of the instant appeal.

It is generally true that when two actions are commenced in different counties, venue should be placed in the county in which the first action was instituted *(TT Enters. v Gralnick,* 127 AD2d 651, 652 [2d Dept 1987]). However, such a determi-

nation is addressed to the sound discretion of the court *(Strasser v Neuringer,* 137 AD2d 750, 751 [2d Dept 1988]). The IAS court determined that the convenience of 12 nonparty witnesses would be served by trial in New York County.

In addition, the court noted that the marital residence is in New York County, both parties are registered to vote in New York County and the children of the parties reside with plaintiff in New York County. Moreover, the defendant has not demonstrated that New York County is an inconvenient forum. Accordingly, transfer of the Dutchess County action was not an abuse of discretion.

The IAS court's order of temporary maintenance and child support amounts to more than $2,000 weekly. While it is unclear what income the defendant has in addition to his yearly salary of $132,000 plus bonuses, the award is excessive. This is especially so in view of plaintiff's receipt of over $100,000 from the sale of a marital residence.

Under these circumstances, we modify the August 21, 1989 order to the extent of reducing defendant's temporary maintenance from $500 weekly to $250 weekly and child support obligation from $250 weekly to $125 weekly, such amounts to be retroactive to the date of the order appealed from, and to further reduce any payments for retroactive sums now due to the rate of $375 weekly, representing $250 for maintenance and $125 in child support. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.