■ FRANKLIN H. GOLDBERGER, Appellant, v LESLIE A. GOLDBERGER, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Plumadore, J.), entered January 13, 1989 in Schenectady County, which, *inter alia,* denied plaintiff's motion for a downward modification of support.

Plaintiff moved to decrease the $750 per week that he was temporarily ordered to pay defendant pending the outcome of the parties' divorce action. The application was denied by Supreme Court and this appeal followed. Plaintiff argues that the court erred in denying his request for modification, claiming that there has been a significant change of circumstances and that the award was improper in not setting specific amounts as child support and as maintenance. We affirm.

We have consistently held that modification of temporary awards should rarely be made *(see, e.g., Schelling v Schelling,* 145 AD2d 856, 857). Indeed, modification of temporary awards is appropriate only where the payor cannot meet his or her financial obligations or justice otherwise requires *(see, e.g., Holmes v Holmes,* 151 AD2d 911, 912). In this case, the record establishes that plaintiff has sufficient funds to meet his expenses and that plaintiff chose for beneficial tax purposes to

categorize his payment obligation as deductible alimony. Under such circumstances, we see no reason to interfere with Supreme Court's resolution of the motion to modify the temporary award. In this regard, we note that a prompt trial is the preferred method to resolve alleged inequities *(see, e.g., supra)*. The record supports no evidence of calendar congestion so that the lapse of over a year in bringing the underlying divorce matter to trial is attributable to the parties, further showing a lack of equity to support any relief in this case *(see, e.g., Schelling v Schelling, supra)*.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur.