■ MICHAEL J. SUYDAM, Respondent-Appellant, v ANN E. SUYDAM, Appellant-Respondent.—Weiss, J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Beisner, J.), entered June 6, 1989 in Dutchess County, which,

*inter alia,* partially granted plaintiff's motion for certain pendente lite relief, and (2) from two orders of said court, entered September 14, 1989 and September 19, 1989 in Dutchess County, which, upon reargument, *inter alia,* granted defendant's cross motion directing plaintiff to maintain defendant's automobile insurance.

In this divorce action, plaintiff moved by order to show cause for a pendente lite order which would supersede an earlier order of Family Court providing extensive relief to defendant. Essentially, plaintiff sought a downward modification of child support and maintenance payments, in addition to relief from his required payments for automobile insurance, mortgage, utilities and taxes, as well as relief from the prior order granting defendant occupancy of the business premises owned by plaintiff. Defendant countered by cross-moving for an order increasing child support and maintenance, an award of temporary counsel fees and enforcement of the requirements imposed upon plaintiff in the Family Court order. Supreme Court awarded defendant weekly maintenance of $300, weekly child support of $300 and directed plaintiff to continue all insurance coverage. Supreme Court denied counsel fees to defendant, and continued the order of protection and the stipulated child custody-visitation arrangements with minor modifications. Both parties appeal challenging different portions of the court's orders.

We have consistently held that modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances *(see, Goldberger v Goldberger,* 159 AD2d 923), such as where a party is unable to meet his or her financial obligations or justice otherwise requires *(see, Onorato v Onorato,* 131 AD2d 650). Here, the parties' actual reasonable expenses, standard of living, and actual and potential earnings, which could either support the existing determination or justify a major modification, present sharply contested factual issues militating against our intervention *(see, Goldberger v Goldberger, supra; Holmes v Holmes,* 151 AD2d 911, 912; *Chyrywaty v Chyrywaty,* 102 AD2d 1009). In such circumstances, we have consistently held that a prompt trial is the preferred method to resolve issues of fact and alleged inequities *(see, Schelling v Schelling,* 145 AD2d 856, 857; *Bernstein v Bernstein,* 143 AD2d 168, 169; *Chyrywaty v Chyrywaty, supra).* Finally, in the event that either party demonstrates upon trial that there has been a misrepresentation of facts or presents relevant newly discovered facts, the modification of maintenance or child support may be in-

creased nunc pro tunc to the date of application *(see,* Domestic Relations Law § 236 [B] [9] [b]).

Orders affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.