■ DAVID MERRICK, Appellant-Respondent, v ETAN MERRICK, Respondent-Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered October 11, 1990, which, *inter alia,* held that plaintiff is not financially responsible for the child "O", awarded defendant unallocated temporary child support of $5,000 per month for the children Marguerita and "C" and awarded interim counsel fees of $75,000 to defendant, unanimously modified on the facts and the law to the extent of remanding the matter to the IAS Court to increase the child support payments to account for the adoptive child "O" and to account for the adoptive children's nursery school tuitions, and otherwise affirmed, without costs.

Orders and judgments (one paper) of the same court, entered December 5, 1990 and December 6, 1990, respectively, for maintenance and child support arrears, unanimously affirmed, without costs; and judgment of the same court entered December 6, 1990 for counsel fees, plus interest, unanimously affirmed, without costs.

The parties were married in 1969 and divorced soon thereafter. They remained close, had a daughter, Marguerita, in 1972 and then remarried in 1983. Upon remarriage, the parties contemplated the adoption of children. The record demon-

strates that both parties signed and acknowledged Agreements of Adoption and Adoption Petitions for "C" and for "O".

After plaintiff suffered a stroke, the defendant was appointed as conservator and received a fee of $575,000. Defendant continues to receive annual income of about $100,000 from a $1.5 million trust provided by plaintiff. Plaintiff's estate is valued at over $20 million and his income in 1989 exceeded $2 million.

In the IAS Court both parties requested various *pendente lite* relief. We disagree only with the IAS Court's ruling regarding temporary child support. While the Court correctly noted that plaintiff may very well be financially responsible for the adoptive child "C" under principles of equitable estoppel *(see, Wener v Wener,* 35 AD2d 50), the Court declined to provide for the adoptive child "O". The plaintiff asserts that he never intended to adopt either "C" or "O", but the record is at best ambiguous that plaintiff agreed to adopt and support both children. Moreover, plaintiff may have paid many of the children's expenses. Accordingly, at this time the child support payments should be increased to account for the adoptive child "O".

We also note that the IAS Court did not order plaintiff to pay the adoptive child's nursery school tuition because "child support is sufficient to provide for household help". However, since nursery school also provides important educational and emotional experiences for children, plaintiff is ordered to pay the tuition costs of private nursery school for the adoptive children. Indeed, Marguerita has been provided with private educational training her whole life, and it is not an abuse of discretion to so provide for the adoptive children under the instant circumstances.

As for the parties' contention that the temporary maintenance award was improper, the best remedy for the asserted inequities is a speedy trial. *(See, Rappeport v Rappeport,* 46 AD2d 756, 757.) Plaintiff can clearly afford the payments ordered and there is no reason to modify them at this time. *(See, Goldberger v Goldberger,* 159 AD2d 923.)

We have considered all other claims and find them to be without merit. Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.