■ ELIZABETH ROTHBERG, Respondent, v STEVEN ROTHBERG, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 29, 1990 which, inter alia, modified a prior order of said court entered August 10, 1989 granting the plaintiff certain pendente lite relief, unanimously affirmed, without costs, in the event the automatic stay of the bankruptcy court is lifted, without prejudice to a further application regarding child care expenses.

The parties were married on December 26, 1981, and have two children—a son born June 25, 1983, and a daughter, born July 12, 1988. This action for divorce was commenced on or about June 2, 1989. Plaintiff worked as a teacher prior to the parties' marriage and was a full-time homemaker during the marriage. The defendant husband is an attorney with a solo practice. While it is not disputed that the plaintiff is the beneficiary of a trust fund which yields some $40,000 per year in income, and that her parents currently provide her with gifts of money and pay some of her bills, the nature and extent of each party's income and current net worth is hotly disputed.

The parties, from the outset of this litigation, have provided conflicting evidence with respect to the husband's finances, as

well as to the extent of assets, principally trust monies, which can be imputed to the plaintiff and to which the plaintiff has access. Justice Wilk noted in the first order granting *pendente lite* relief, entered August 10, 1989, that: "Each party has accused the other of misstatements and wild exaggerations. It is impossible to tell, from the papers submitted, what is accurate and what is not. Consequently, it is difficult to determine an appropriate pendente lite award. The parties are to complete discovery by September 6, 1989, at which time a trial date will be selected."

In a decision dated December 8, 1989, Justice Wilk recused himself, and the case was reassigned to Justice Ciparick for all purposes. Plaintiff moved before Justice Ciparick for enforcement of arrears due pursuant to the order of Wilk, J., entered August 10, 1989, and the defendant cross-moved for downward modification of that order's *pendente lite* award. In the order appealed from Justice Ciparick denied the plaintiff's motion and granted the defendant's motion in part, and modified Justice Wilk's *pendente lite* award.

The parties have continued to provide the court with completely disparate evidence as to each other's financial resources and life styles. Each engages in point-by-point refutation of the other's allegations, and each provides the court with documentary evidence in support of those allegations.

This Court has recognized that "[t]emporary awards of maintenance and child support are often based * * * on conflicting affidavits and documentary evidence. A prompt trial, where a more accurate appraisal of the financial status of the parties and other relevant circumstances may be obtained, is the most effective method of resolving any claimed inequities concerning pendente lite awards" *(Bremer v Miele,* 155 AD2d 359, 360). However, where the award is obviously excessive, this Court will modify the award accordingly. *(See, Corsini v Corsini,* 158 AD2d 414.)

Justice Ciparick's memorandum decision reflects that she carefully considered the evidence submitted and found herself faced with a similar situation as that which faced Justice Wilk. Admittedly, Justice Ciparick had more documentary evidence to work with when fashioning the relief, but the evidence conflicted nonetheless. Yet, the Justice was able to lighten the burden on the defendant somewhat, and denied plaintiff's motion for arrears under the provisions of the prior order which would have been much more burdensome on defendant than the relief granted in the order appealed.

Moreover, the court realized that the Putnam County house faced foreclosure and fashioned the relief accordingly.

While both parties refer this Court to developments in the case, which occurred after the order appealed was entered, the only one that substantially impacts on the issues now before us is the defendant's filing of a chapter 7 personal Bankruptcy petition in U.S. District Court for the Southern District of New York (Index No. 91 B 11015). This development necessarily affects the defendant's finances and ability to pay pursuant to the *pendente lite* order. Moreover, further proceedings in this divorce action are stayed pursuant to 11 USC § 362 until plaintiff can successfully move to vacate or modify the automatic stay to allow the divorce proceeding to go forward *(In re White,* 851 F2d 170 [6th Cir]).

However, since the order appealed was entered in a proceeding for the collection of maintenance and support, this appeal insofar as it is part of those proceedings is exempt from the stay *(In re Stringer,* 847 F2d 549 [9th Cir]). Justice Ciparick's order, except for a factual error regarding the age of the parties' daughter, was not an abuse of discretion under the circumstances *(Chyrywaty v Chyrywaty,* 102 AD2d 1009). Since Justice Ciparick is familiar with the parties' current situations and necessarily more familiar with the matter, if the plaintiff can successfully vacate the automatic stay, the order appealed is affirmed. The hearing court should be given the opportunity to amend, if it deems appropriate, the direction relating to the parties' daughter's school expenses upon further submissions concerning the nature of the day care or preschool the child attends. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.