■ MICHAEL M. LEVI, Appellant, v SHARON M. LEVI, Also Known as WILLA SCOTT, Respondent. (And Another Related Action.)—Yesawich Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered November 26, 1990 in Columbia County, which granted defendant's motion for, *inter alia,* temporary maintenance.

The parties married in 1977 and commenced separate actions for divorce in 1989; these actions have been joined for trial. In May 1990, defendant moved for and was granted temporary maintenance of $10,000 per month retroactive to the date she had served the summons in the action that she commenced. On this appeal, plaintiff maintains that the amount awarded was excessive and also that it should have been made retroactive to the date of the actual motion rather than to the date of the summons commencing defendant's action.

Plaintiff is an obstetric/gynecological specialist who earns in excess of $500,000 per year. He owns real estate in New York and California, professional businesses, and was granted exclusive use of the parties' New York City and Columbia County marital properties. In contrast, the 44-year-old defendant, a fashion model before the marriage, is currently unable to find work in her field; she earned only $4,000 in the four months

prior to bringing her motion. Given that the parties enjoyed a rather luxurious standard of living during their 12-year marriage (see, Domestic Relations Law § 236 [B] [6] [a]), plaintiff enjoys vastly superior financial circumstances and there is no indication that the amount awarded will prevent him from meeting his other financial obligations (see, Goldberger v Goldberger, 159 AD2d 923), we find no abuse of Supreme Court's exercise of its broad discretion (see, Chyrywaty v Chyrywaty, 102 AD2d 1009) in directing plaintiff to make the $10,000 payments. As we have repeatedly noted, plaintiff's remedy lies in a speedy trial (see, Goldberger v Goldberger, supra, at 924; Schelling v Schelling, 145 AD2d 856, 857).

Nor was it error for Supreme Court to award an amount sufficient to cover defendant's "business expenses". Defendant abandoned her modeling career when she married and has found it difficult to reenter the job market. Supreme Court could properly consider these designated "business expenses" (e.g., the cost of clothing, personal care, photo fees) necessary to enable her to become self-supporting (cf., Domestic Relations Law § 236 [B] [6] [a] [4]).

We do agree with plaintiff, however, that temporary maintenance should not have been awarded retroactively to the date of the service of the summons in defendant's action. Domestic Relations Law § 236 (B) (6) (a) permits a court to order temporary maintenance or maintenance "effective as of the date of the application therefor". "In the case of maintenance, the application should be considered made when the summons with maintenance identified as ancillary relief requested * * * is served or when the complaint, containing a prayer for maintenance is served. * * * An application for temporary maintenance should be considered made when the motion papers are served" (Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:39 [1991 Pocket Part], at 77-78 [citation omitted]; see, Khalily v Khalily, 99 AD2d 482, 483; see also, Caviolo v Caviolo, 155 AD2d 410, 411; Banks v Banks, 148 AD2d 407, 408; compare, Miceli v Miceli, 285 App Div 1187).

Here, as the motion papers were served May 17, 1990, temporary maintenance payments were due from that date. Contrary to defendant's suggestion, this result works no inequity to a spouse who has requested temporary as well as permanent maintenance in the pleading. If permanent maintenance is subsequently directed, the paying spouse then owes support for the time preceding the temporary order (see, Scheinkman, 1987 Supp Practice Commentaries, McKinney's

Cons Laws of NY, Book 14, Domestic Relations Law C236B:39 [1991 Pocket Part], at 78). In contrast, if no permanent maintenance is awarded or, although granted, is less than the temporary award, the paying spouse could conceivably ultimately suffer unequal treatment because recoupment has not been recognized *(ibid.).*

Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by changing the date on which defendant's temporary maintenance commenced from August 8, 1989 to May 17, 1990, and, as so modified, affirmed.