■ P. SHANNON PASSONNO, Appellant, v JODY C. PASSONNO, Respondent.—Mikoll, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered April 8, 1991 in Rensselaer County, which, *inter alia,* granted defendant's cross motion to hold plaintiff in contempt of a previous court order.

Plaintiff and defendant were married on June 28, 1986. They separated approximately six months thereafter. On January 12, 1987 plaintiff instituted this action for divorce. In August 1987 defendant moved for, among other things, an award of temporary maintenance. By decision dated May 4, 1988, Supreme Court found that defendant was entitled to $150 per week temporary maintenance, retroactive to September 1, 1987. Prior to entry of an order based on this finding, defendant moved for an award for arrears owed by plaintiff up until May 31, 1988 and for an order finding plaintiff in contempt for failure to pay temporary maintenance; plaintiff cross-moved to modify the award of temporary maintenance. Ultimately an order executing the May 4, 1988 decision was

signed, after which Supreme Court denied both parties' motions. When defendant again moved for an order finding plaintiff in contempt and for arrears, Supreme Court granted the motion by order dated January 17, 1989. In February 1989 plaintiff's first counsel filed a note of issue. After plaintiff's counsel was replaced, a second note of issue was filed by his new counsel in November 1989; trial was then scheduled for October 2, 1990.

In August 1990, plaintiff moved to modify the August 30, 1988 award of temporary maintenance by eliminating his obligation nunc pro tunc to February 1989, claiming that defendant had the ability to be gainfully employed. Defendant cross-moved for arrears and to hold plaintiff in contempt. Supreme Court partially granted plaintiff's motion by reducing the temporary maintenance award to $50 per week as of August 21, 1990, the date of defendant's motion. Supreme Court also granted defendant's cross motion by holding plaintiff in contempt for failing to comply with the August 30, 1988 order and by awarding defendant all arrears. This appeal by plaintiff ensued.

We find no merit to plaintiff's contentions that Supreme Court improperly denied his motion to eliminate the award of arrears for temporary maintenance and that it was an abuse of discretion to reduce plaintiff's payments to $50 per week rather than eliminate them completely. Accordingly, the order of Supreme Court should be affirmed.

Pursuant to Domestic Relations Law § 236 (B) (9) (b), a trial court may annul or modify an award of maintenance providing, however, that "[n]o * * * arrears of maintenance which have accrued prior to the making of such application shall be subject to modification or annulment unless the defaulting party shows good cause for failure to make application for relief from the * * * order directing such payment prior to the accrual of such arrears" (see, Vogel v Vogel, 156 AD2d 671, 675; see also, Domestic Relations Law § 244). An inability to pay the required maintenance has been recognized as constituting good cause for failing to apply for a reduction before the claimed arrears accrued (Jaron v Jaron, 174 AD2d 823, 824).

Plaintiff claims that delays in resolving this matter caused him stress and anxiety, thereby exacerbating his chronic diabetic condition and resulting in a substantial reduction of his income. This claim is not supported by any recent medical documentation. Medical reports dated December 4, 1987 indicate that plaintiff's diabetic and hypertensive conditions were

under control. Thus, sufficient relevant evidence of lack of the financial ability to make the payments is absent. Accordingly, he has not demonstrated good cause for the delay in seeking modification of his maintenance payments. Plaintiff has shown that delays in scheduling the case for trial occurred due to additional pretrial discovery and changes in counsel, but these do not constitute good cause for the lapse of two years before making application for modification of the maintenance award. Supreme Court properly denied plaintiff's motion to annul the arrears.

Plaintiff has also failed to demonstrate that Supreme Court abused its discretion in refusing to eliminate maintenance totally (see, Chyrywaty v Chyrywaty, 102 AD2d 1009). Plaintiff did not allege that he was unable to pay his other financial obligations (see, Holmes v Holmes, 151 AD2d 911), but only that defendant did not need the temporary maintenance payments. Plaintiff has exclusive possession of the marital residence and furnishings. Plaintiff declared $11,619 in income for 1989 from rental property that he owns. Defendant, at the time of the marriage, had employment paying $65,000 per year in salary and bonus as a regional marketing manager with Pizza Hut, Inc. She gave up this employment when the parties were married. After they separated at the end of 1986, she obtained employment in October 1989 at approximately one half of her prior earnings. As an award of temporary maintenance pendente lite is designed to insure that the dependent party's reasonable needs are met during the pendency of the marital litigation (see, Salerno v Salerno, 142 AD2d 670), it does not appear on this record that Supreme Court abused its discretion in reducing the maintenance award without eliminating the maintenance obligation totally.

Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.