■ JUDITH A. DURNI, Respondent, v ROBIN A. DURNI, Appellant.—Mikoll, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered August 14, 1992 in Albany County, which granted plaintiff's motion for an award of counsel and accounting fees.

Pursuant to a previous order, plaintiff was awarded $3,500 in interim counsel fees and $350 for interim appraisal expenses. Defendant was also ordered to pay plaintiff $1,000 a month and to pay monthly living expenses of some $4,063 for the family. Plaintiff, defendant and their two children continue to reside in the family residence. Plaintiff then made a motion for additional interim counsel fees of $6,500 and interim accountant fees of $5,000; Supreme Court awarded plaintiff $3,000 in counsel fees and $5,000 in accountant fees, from which order defendant appeals.

Defendant's income in 1990 was approximately $80,000. He approximated his 1991 income to be between $80,000 and $90,000. No income tax had been filed as of the time of the motion. The major asset of the marriage is a marital home and a business owned by defendant since 1973. The parties were married in 1983. Plaintiff seeks a share of the business as marital property. Defendant states that the business was first known as Durni Associates and in 1984 was incorporated under the name Kinetic Care, Inc. It is an orthopedic and microsurgical equipment and supply distributorship. Plaintiff states that it is an income-driven service business with no tangible or intangible assets, and that evaluation of the business is not complex. There is a sharp dispute between the parties as to whether the business is defendant's own property or a family business.

Plaintiff and defendant accumulated considerable debt during the marriage which defendant is paying in addition to the family living expenses. The financial statement supplied by defendant in the marital action and made part of the reply to plaintiff's motion indicates that defendant's liquid assets are limited. Defendant states that he is paying his counsel fees piecemeal because of his financial circumstances. The parties have conducted discovery proceedings and the matter is in a posture for early trial.

Modification of temporary awards should rarely be made *(see, Goldberger v Goldberger,* 159 AD2d 923) but modification is appropriate where the financial obligation cannot be met or justice requires *(Wesler v Wesler,* 133 AD2d 627). We deem a reversal of the instant award to be indicated. Plaintiff, who is in good health, 36 years old, with a Bachelor's degree, receives full support from defendant plus $12,000 a year in spendable income and has already received $3,850 in interim payments. In view of the circumstances of the case and the financial standing of the parties, further interim counsel fees and appraisal fees should abide the outcome of the matrimonial action.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion denied.