■ NANCY H. CHARNOCK, Respondent, v DAVID P. CHARNOCK, Appellant. [602 NYS2d 729] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Doran, J.), entered August 5, 1992 in Schenectady County, which partially granted plaintiff's motion for certain interim relief.

The parties were married on July 28, 1973. Defendant now lives in his own apartment in the City of Albany. There are two issue of the marriage, ages 15 and 17. Supreme Court granted plaintiff exclusive possession of the marital residence and ordered defendant to continue to pay as maintenance the monthly mortgage expenses, auto insurance, homeowners' insurance and joint debts to plaintiff and child support payments of $507 per week. Plaintiff was awarded counsel fees of $2,500 and expert fees of $1,500, with any credit to defendant to await final disposition of the marital proceeding. On this appeal, defendant challenges (1) the temporary award of child support and maintenance in the amount of $3,451.56 as excessive and as not in accord with Domestic Relations Law § 240, and (2) the award of exclusive possession of the marital residence to plaintiff as unwarranted.

"[M]odifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances * * * such as where a party is unable to meet his or her financial obligations or justice otherwise requires" *(Suydam v Suydam,* 167 AD2d 752, 753; *see, Goldberger v Goldberger,* 159 AD2d 923; *Onorato v Onorato,* 131 AD2d 650). Pendente lite awards should accommodate the reasonable needs of the party seeking support and the ability of the other party to provide for such needs. The court is required to set forth the factors it considered and the reasoning underlying its determination *(Stern v Stern,* 106 AD2d 631, 632).

Here, Supreme Court ordered defendant to pay not only child support, but also the carrying charges on the marital residence. This is improper in that the mortgage payment is intended to insure shelter for defendant's children and should be included in the basic child support formula (see, Lenigan v Lenigan, 159 AD2d 108, 112). This matter should be remitted to Supreme Court to clarify its allocation of housing expenses, as this relates to its award for child support and temporary maintenance, and in the event it determines that such expenses have been allocated to both awards the temporary maintenance should be reduced accordingly.

Defendant also challenges the award of temporary exclusive possession of the marital residence to plaintiff without a hearing. We concur that this was improper (see, Tessitore v Tessitore, 140 AD2d 786).

Yesawich Jr., Mercure, Crew III and Mahoney, JJ. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted plaintiff temporary exclusive possession of the marital residence and made an award of temporary maintenance and child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.