dant "bouncers" at the Limelight Club, since it misled plaintiffs and never revealed the identity of the owner during a court-ordered pre-action deposition held on the eve of the expiration of the Statute of Limitations. Plaintiffs accepted and relied upon such express and implied admissions (see, *BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853). Summary judgment was also properly denied based upon the existence of questions of fact with respect to the identity of the individual defendants' employer and the nature of the various corporate relationships among appellant, the Limelight Club and the other corporations presented at various times as the owner of the club. Knowledge of material facts pertaining to whether the corporate veil should be pierced lies peculiarly with defendant-appellant and requires further disclosure (see, *Arroyo v Fourteen Estusia Corp.*, 186 AD2d 476). Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.

I.Q., Respondent, v A.Q., Appellant. [643 NYS2d 587]

Domestic strife is a recognized standard for an award of temporary exclusive possession (*Delli Venneri v Delli Venneri*, 120 AD2d 238, 240). The existence of such strife is defendant's stated reason for having left the marital home, and his use for storage of a portion of it—a second apartment that was combined with the first and then separated again by stipulation after commencement of the action. There being no dispute of a significant potential for strife should defendant return, and no genuine issue raised that defendant's exclusion would cause him more than minimal disruption, the motion court's award of temporary exclusive possession, without a hearing, was a proper exercise of discretion (see, *Judell v Judell*, 128 AD2d 416; *Tillinger v Tillinger*, 141 AD2d 535). Defendant's remedy for any inequity in this temporary award is a speedy trial (*Wolfe v Wolfe*, 111 AD2d 809). Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarell, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ELLERBE, Appellant. [644 NYS2d 52]