■ PATRICIA TWAITE, Respondent, v JAMES TWAITE, Appellant. [651 NYS2d 715] —Spain, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered October 19, 1995 in Sullivan County, which, *inter alia*, partially granted plaintiff's cross motion for certain pendente lite relief, and (2) from an order of said court, entered May 20, 1996 in Sullivan County, which modified the earlier order.

The parties were married in March 1978 and have a daughter, Jamie (born in 1982). During the marriage, defendant, a psychologist, was the primary wage earner through his work as a writer and editor; plaintiff, a registered nurse and a certified teacher, most recently worked as a substitute teacher. Defendant left the marital residence, located in the Town of Rockland, Sullivan County, in January 1995 and began living in his office/apartment, located in New York City; he voluntarily paid maintenance and support, the carrying charges on the marital residence, insurance premiums, car payments and expenses associated with their daughter's horse in excess of $5,000 per month. In May 1995 plaintiff commenced an action for divorce based upon allegations of cruel and inhuman treatment; defendant counterclaimed. In July 1995 defendant moved for pendente lite relief seeking joint legal custody of Jamie, permission to build a separate home on marital property adjacent to the marital residence, and an order of protection to prevent plaintiff from contacting defendant's business clients, destroying property and harassing him. In an attached statement of net worth defendant reported his monthly net income to be approximately $7,500. Plaintiff cross-moved for exclusive use and possession of the marital residence, spousal and child support, and other relief.

Supreme Court granted plaintiff exclusive use and possession of the marital residence, directed that Jamie reside with plaintiff, granted defendant liberal visitation, and directed defendant to pay spousal support ($200 per week), child support ($392.50 per week), all carrying charges on the home, all auto insurance premiums, and health and life insurance for plaintiff and Jamie. Supreme Court also appointed a Law Guardian.

In November 1995 plaintiff, alleging that defendant failed to comply with Supreme Court's earlier order, commenced a contempt proceeding. Citing his financial inability to comply with the earlier order, defendant cross-moved, *inter alia*, for a reduction in support payments. In May 1996 Supreme Court issued a conditional order wherein defendant was directed to pay arrears within 30 days, including the mortgage obligation, and stating that defendant's failure to comply would be considered contempt. Further, Supreme Court declined to modify its earlier support order and, after reviewing a report from the Law Guardian, directed supervised visitation with Jamie. Defendant appeals from both orders.

Initially, we decline to modify the pendente lite award with respect to child support and maintenance. Although modification is permissible under exigent circumstances (*see, Charnock*

*v Charnock*, 197 AD2d 759), the best remedy for such claimed inequities is a prompt trial wherein "the facts may be examined in far greater detail and where a more accurate appraisal of the financial situations of the parties may be obtained" (*Moshy v Moshy*, 227 AD2d 182, 183; *see, Newkirk v Newkirk*, 194 AD2d 842; *Marr v Marr*, 181 AD2d 974, 975). Here, the record reveals that defendant consistently either tendered payments, or offered to make payments, in excess of Supreme Court's order. Notably, the carrying charges which defendant was ordered to pay with respect to the marital residence do not include a mortgage payment (*cf., Charnock v Charnock, supra*). Further, the parties dispute the actual and potential earnings of each other as well as the cost of reasonable maintenance. Under such circumstances, and in the absence of any clear evidence in the record to support defendant's contentions, we conclude that the appropriate remedy is a trial to be scheduled at the earliest possible date.

We further reject defendant's contention that Supreme Court erred in awarding exclusive use and possession of the marital residence to plaintiff without a hearing. Here, amid the breakdown of the marital relationship, the allegations of excessive use of alcohol and cruelty by both parties, defendant's leaving the marital residence and moving voluntarily to New York City, we do not find that Supreme Court abused its discretion (*see, Mitzner v Mitzner*, 228 AD2d 483; *Annexstein v Annexstein*, 202 AD2d 1062). Clearly, the appropriate remedy for any perceived inequities is a prompt trial (*see, I.Q. v A.Q.*, 228 AD2d 301; *Annexstein v Annexstein, supra*).

Finally, although we find some merit in defendant's contention that Supreme Court erred by restricting his visitation with his daughter without holding a hearing, under the unique circumstances of this case we conclude that a prompt trial of the entire matrimonial proceeding will expeditiously resolve this issue as well. Notably, in response to plaintiff's order to show cause which sought, *inter alia*, restriction of defendant's visitation with his daughter, defendant did not request a hearing, but rather clearly indicated that he did not seek to make his daughter uncomfortable and, further, that he would abide by the determination of the court. Defendant's response does not present a striking contradiction to plaintiff's submissions, which are also supported by the Law Guardian, but rather the concern of a parent who understands that a prompt resolution of the entire matrimonial proceeding would also best serve the interests of the child.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.