■ M. JUDITH Fox, Respondent, v SEYMOUR Fox, Appellant. [742 NYS2d 411] —Mercure, J.P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 2, 2001 in Rensselaer County, which, upon reargument, inter alia, denied defendant's cross motion seeking a declaration that certain parcels of real property were defendant's separate property.

Within the context of this divorce action,* defendant made separate motions seeking orders (1) vacating an outstanding award of temporary maintenance based on defendant's retirement from the practice of law and (2) declaring that 10 identified parcels of real property titled in his name are his own separate property and vacating so much of a prior order dated July 26, 2000 and entered August 3, 2000 as restrains their transfer. Supreme Court denied defendant's cross motion to vacate the award of temporary maintenance. It initially granted defendant's cross motion relative to the parcels of real property, but granted plaintiff's subsequent motion for reargument and, on reargument, denied defendant's cross motion in its entirety. Defendant appeals.

Initially, having already entertained one appeal from Supreme Court's award of temporary maintenance and, in fact, having reduced the award by approximately one third, we are not persuaded to grant any further relief. Assuming, without deciding, that defendant has in fact retired from the practice of law, given his age and poor health, we reject plaintiff's argument that there is a proper basis for the imputation of income (*compare, Hickland v Hickland*, 39 NY2d 1, 5-6, *cert denied* 429 US 941). The fact remains, however, that defendant has more than sufficient assets and income from which to pay the temporary maintenance recently fixed by this Court. Under the circumstances, we conclude that defendant has made an insufficient showing of changed circumstances (*see, Suydam v Suydam*, 167 AD2d 752, 753; *Goldberger v Goldberger*, 159 AD2d 923).

There is merit, however, to the argument that several of the identified parcels of real property are defendant's own separate property and that Supreme Court's outstanding order imper-

---

* A detailed statement of the underlying facts and prior motions regarding temporary relief are set forth in our decision on a prior appeal (290 AD2d 749).

missibly restrains their transfer. It is undisputed that all 10 of the parcels addressed in defendant's cross motion were owned by defendant prior to the parties' marriage and, contrary to Supreme Court's conclusion, defendant made a competent evidentiary showing that six of them—703, 715, 717 and 719 Burden Avenue, the Cross Street property, and 214 River Street, all in the City of Troy, Rensselaer County—are improved. As such, defendant was entitled to a finding as a matter of law that any appreciation in the value of those parcels occurring during the marriage and prior to the commencement of this action was not due in any part to the efforts of either of the parties (*see, Price v Price*, 69 NY2d 8, 18) and, thus, that the entire value of those parcels constitutes defendant's separate property (*see*, Domestic Relations Law § 236 [B] [1] [d] [1], [3]). The remaining parcels are improved. Based on the very limited evidence presented by defendant, we agree with Supreme Court that questions of fact remain as to whether some portion of any appreciation in the value of these parcels, occurring during the parties' marriage and up to the time of commencement of this action, may constitute marital property (*see, Hartog v Hartog*, 85 NY2d 36, 48-49).

The parties' remaining contentions either need not be addressed or have been considered and found to be unavailing. As a final matter, we note that from this point forward, the parties should be guided by the principle that the remedy for any perceived inequity in a temporary matrimonial award is a prompt trial (*see, e.g., Rossi v Rossi*, 262 AD2d 918; *Suydam v Suydam*, 167 AD2d 752, 753, *supra*).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion for a declaration that defendant's parcels of real property identified as 703, 715, 717 and 719 Burden Avenue, the Cross Street property, and 214 River Street, all in the City of Troy, Rensselaer County, constitute defendant's separate property and, as such, are excluded from the coverage of Supreme Court's temporary restraining order entered August 3, 2000; cross motion granted to said extent; and, as so modified, affirmed.

