M. Judith Fox, Respondent, v Seymour Fox, Appellant. [765 NYS2d 906] —Mercure, J.P. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered December 11, 2002 in Rensselaer County, which, inter alia, denied defendant's mo-

tion for the pendente lite sale of marital property and to compel plaintiff to respond to interrogatories regarding the property, (2) from an order of said court, entered April 4, 2003 in Rensselaer County, which, inter alia, denied defendant's motion to compel plaintiff to respond to interrogatories regarding her contributions to his law firm, and (3) from an order of said court, entered April 4, 2003 in Rensselaer County, which, inter alia, granted plaintiff's cross motion for an order fixing the valuation date of defendant's law practice.

This hotly contested divorce action has previously been before this Court on three separate occasions, as a result of defendant's appeals from temporary orders (*see* 306 AD2d 583 [2003]; 294 AD2d 652 [2002]; 290 AD2d 749 [2002]). Defendant appeals again from temporary orders denying his various motions for relief and we now affirm each of those orders.

With respect to defendant's argument that Supreme Court improperly denied his requests to compel the sale of properties held by the parties as tenants by the entirety in Florida, we note that in an order dated March 19, 2001, Supreme Court denied an identical motion compelling the sale of one of these two properties after defendant was given a full and fair opportunity to litigate the issue. That order constitutes the law of the case precluding further litigation (*see e.g. Shawangunk Conservancy v Fink,* 305 AD2d 902, 903 [2003]; *Bennett v Nardone,* 298 AD2d 790, 790-791 [2002], *lv dismissed* 99 NY2d 579 [2003]) and there are no "extraordinary circumstances" here warranting an exception to the law of the case doctrine (*see Shawangunk Conservancy v Fink, supra* at 903; *cf. Nahl v Nahl,* 177 AD2d 777, 778 [1991]). In any event, even if we were to consider defendant's argument, we would deem it meritless inasmuch as it is settled that "absent the termination of the marital relationship by judgment of divorce, amendment, separation or declaration of nullity, courts do not have the authority to direct, pendente lite, the sale of property owned by the parties as tenants by the entirety" (*Jancu v Jancu,* 241 AD2d 316, 317 [1997]; *see Kahn v Kahn,* 43 NY2d 203, 209-210 [1977]; *Walker v Walker,* 227 AD2d 469, 469 [1996], *lv dismissed* 89 NY2d 860 [1996]).

We further reject defendant's contention that Supreme Court abused its discretion in denying his motions to compel plaintiff to respond to interrogatories regarding the parties' real property in Florida and her contributions to defendant's law firm. " 'The [trial] court has broad discretion in supervising disclosure' and in granting protective orders limiting or denying discovery" (*Matter of Andrews v Trustco Bank, Natl. Assn.,* 289

AD2d 910, 913 [2001], quoting *Torian v Lewis,* 90 AD2d 600, 601 [1982]). Thus, our review is limited to determining whether there has been "a clear abuse of discretion" (*Ruthman, Mercadante & Hadjis v Nardiello,* 288 AD2d 593, 594 [2001]; *see McMahon v Aviette Agency,* 301 AD2d 820, 821 [2003]). Here, the questions posed by defendant regarding plaintiff's willingness to sell the Florida properties are irrelevant to the statutory equitable distribution factors that Supreme Court must consider (*see* Domestic Relations Law § 236 [B] [5] [d]). Accordingly, the information sought in these interrogatories cannot be said to be "material and necessary" to this action. In addition, we perceive no error in the striking of defendant's interrogatories questioning plaintiff about her contributions to his law firm. Defendant has the opportunity to address plaintiff's contributions to his law firm during the remaining four hours of depositions to which he is entitled. Moreover, as noted by the court, defendant has served numerous sets of interrogatories on plaintiff and his use of interrogatories has become "unduly vexatious and patently burdensome." With this in mind, we also reject defendant's assertion that Supreme Court abused its discretion in terminating the discovery process.

Similarly unpersuasive is defendant's argument that Supreme Court erred in setting the valuation date of his law practice as the date of commencement of the action. Essentially, defendant maintains that the valuation date should have been set as the date of trial since his recent retirement constitutes a "radical alteration" of his practice (*Grunfeld v Grunfeld,* 94 NY2d 696, 708 [2000]). "Courts have discretion to value 'active' assets such as a professional practice on the commencement date, while 'passive' assets such as securities, which could change in value suddenly based on market fluctuations, may be valued at the date of trial" (*id.* at 707; *see* Domestic Relations Law § 236 [B] [4] [b]). Indisputably, defendant's practice was an active asset at the time of commencement of this action. Any changes to the practice thereafter were not the result of economic or market forces outside defendant's control. Thus, we conclude that Supreme Court did not abuse its discretion in selecting the date of commencement of the action as the valuation date for defendant's practice (*see Ferraioli v Ferraioli,* 295 AD2d 268, 270 [2002]; *Soule v Soule,* 252 AD2d 768, 771 [1998]; *Heine v Heine,* 176 AD2d 77, 87 [1992], *lv denied* 80 NY2d 753 [1992]; *cf. LaBarre v LaBarre,* 251 AD2d 1008, 1008 [1998]; *Sagarin v Sagarin,* 251 AD2d 396, 396 [1998]).

Finally, we address the issue of sanctions and costs, which

both parties request that we award. "[T]his Court has discretion to sanction where it finds that an appeal 'is part of a continuing effort' by one party 'to harass or maliciously injure' the other party" (*De Ruzzio v De Ruzzio*, 287 AD2d 896, 897 [2001], quoting *Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1999]). In our view, the imposition of sanctions in the amount of $7,500 upon defendant is appropriate at this time. We note that the first of these appeals involves a motion identical to one previously denied by Supreme Court in March 2001 and which defendant made even after the court informed him at oral argument that another such application would be unsuccessful. While this act may not be, in itself, so frivolous as to warrant sanctions, we conclude that it is part of a continuing effort to delay trial of this action and, ultimately, to harass plaintiff. Including these three appeals, defendant has now filed six separate appeals in this action (*see* 306 AD2d 583 [2003], *supra*; 294 AD2d 652 [2002], *supra*; 290 AD2d 749 [2002], *supra*), the last four of which raised no meritorious issues. In addition, this Court has previously considered and denied five separate motions by defendant seeking various relief, such as stays, reargument or renewal and permission to appeal to the Court of Appeals. Finally, we reiterate our agreement with Supreme Court that defendant's repeated use of interrogatories—including those at issue on these appeals—has become vexatious and overly burdensome, preventing resolution of this litigation. In fixing the amount of sanctions at $7,500, we have taken into consideration the history of this protracted litigation, defendant's frivolous conduct and the need to deter future dilatory behavior (*see De Ruzzio v De Ruzzio, supra* at 897-898; *Levy v Carol Mgt. Corp., supra* at 34-35; *Matter of Jemzura v Mugglin*, 207 AD2d 645, 646-647 [1994], *lv dismissed* 84 NY2d 977 [1994]). Pursuant to 22 NYCRR 130-1.3, we impose sanctions against defendant payable to the Lawyers' Fund for Client Protection within 60 days of the date of this decision.

We have considered defendant's remaining arguments and conclude that they are without merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, with costs, plaintiff's request for sanctions is granted, and a sanction in the amount of $7,500 is imposed against defendant pursuant to 22 NYCRR 130-1.1.