■ PATRICIA A. DOOLEY, Respondent-Appellant, v THOMAS DOOLEY, JR., Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his brief, (a) from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated October 30, 1985, as awarded the plaintiff wife $125 per week pendente lite for her maintenance, and (b) from so much of an order of the same court, dated February 28, 1986, as, upon reargument and renewal, and the plaintiff's cross motion, inter alia, for leave to enter a money judgment for arrears in maintenance and for an award of counsel fees on her original motion for pendente lite relief, awarded the plaintiff wife $2,500 in counsel fees; and (2) the plaintiff wife cross-appeals from so much of the order dated October 30, 1985 as provided that the portion thereof requiring the payment of temporary maintenance be effective five days after the date of service thereof upon the defendant, and failed to direct the payment of counsel fees. The cross appeal brings up for review so much of the order dated February 28, 1986, as, upon reargument and renewal, adhered to the original determination that the portion of the order dated October 30, 1985, requiring the payment of the temporary maintenance be effective five days after the date of service of a copy thereof (see, CPLR 5517).

Ordered that the appeal and cross appeal from the order dated October 30, 1985 are dismissed, without costs or disbursements, as that order was superseded by the order dated February 28, 1986, made upon reargument and renewal; and it is further,

Ordered that the order dated February 28, 1986 is modified, on the law, by deleting the provision thereof which adhered to the original determination that the payment of temporary maintenance be effective five days after the date of service of the order dated October 30, 1985, and substituting therefor a provision that the award of temporary maintenance be effective as of July 31, 1985, the date of service of the application

therefor, and the order dated October 30, 1985 is modified accordingly. As so modified, the order dated February 28, 1986 is affirmed insofar as appealed from and reviewed, without costs or disbursements.

We find that the temporary awards of $125 per week to the plaintiff for her maintenance and $2,500 in counsel fees are reasonable in light of the relative financial circumstances of the parties (see, Van Ess v Van Ess, 100 AD2d 848; Palmer v Palmer, 76 AD2d 905). The court erred, however, in failing to make the temporary maintenance award retroactive to the date of the plaintiff's application. Domestic Relations Law § 236 (B) (6) (a) provides, in part, that "in any matrimonial action the court may order temporary maintenance * * * Such order shall be effective as of the date of the application therefor" (emphasis added). Consequently, the statutory language requires the court to make its order effective as of July 31, 1985, the date of service of the application.

We have considered the remainder of the parties' contentions and find them to be without merit. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.