■ BERNARD SHERMAN, Respondent, v JOSEPHINE SHERMAN, Also Known as JOSEPHINE HARRIS, Appellant.—In an action for divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Glass, J.), dated July 30, 1986, as granted her an award of pendente lite support in only the amount of $25 per week and granted the plaintiff husband an order of protection and (2) so much of an order of the same court, dated November 19, 1986, as, upon granting her motion for reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 30, 1986 is dismissed as that order was superseded by the order dated November 19, 1986, made upon reargument; and it is further,

Ordered that the order dated November 19, 1986 is affirmed insofar as appealed from, with one bill of costs.

Contrary to the defendant's contention, we conclude, based

upon the financial information contained in the record, that the Supreme Court did not abuse its discretion in awarding her the sum of $25 per week as pendente lite maintenance. In any event, the remedy for any alleged inequities in a pendente lite award is a speedy trial, at which time a more detailed examination of the facts and circumstances of the parties may be conducted (*see, Jorgensen v Jorgensen,* 86 AD2d 861, *mod on other grounds* 86 AD2d 881).

With respect to the propriety of the issuance of an order of protection in favor of the plaintiff, we note that the record contains unrefuted evidence that the defendant had access to weapons. Moreover, the defendant admitted that she shot her first husband, though she claimed that she had acted in self-defense. In view of these circumstances, we conclude that the Supreme Court did not act improvidently in granting the plaintiff's application for an order of protection. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.