■ ZALMAN C. BERNSTEIN, Respondent, v ELAINE BERNSTEIN, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 6, 1988, which denied her motion, denominated as one for an upward modification of pendente lite maintenance and child support, counsel fees, accountant's fees and appraiser's fees, but which was in actuality a motion to renew.

Ordered that the order is modified, on the law and the facts and as a matter of discretion, by deleting the provision thereof which denied the motion, and substituting therefor a provision granting the motion to the extent of increasing the award for maintenance pendente lite to $1,600 per week, granting interim counsel fees of $30,000 and interim accountant's fees of $5,000, and by making the awards for pendente lite maintenance and child support retroactive to April 29, 1987, and otherwise denying the motion; as so modified, the order is affirmed, with costs to the defendant, and the plaintiff husband's time to pay the $30,000 in interim counsel fees and $5,000 in accountant's fees is extended until 30 days after service upon his attorneys of a copy of this decision and order, with notice of entry.

The $1,600 pendente lite maintenance award is in addition to the $400 per week in temporary child support and the carrying charges on the parties' New York City residence previously directed by the trial court to be paid by the plaintiff.

Initially, while the defendant's motion was labeled as being

one for an upward modification of pendente lite maintenance and child support, it was in reality a motion to renew since it sought the same relief as prior motions *(see, Osserman v Osserman,* 92 AD2d 932).

Although as a general rule, the best remedy for any claimed inequity in a pendente lite award is a speedy trial *(Messina v Messina,* 101 AD2d 856), the rule is not ironclad when the award is deficient *(Pieri v Pieri,* 91 AD2d 1016) and this court may substitute a discretionary determination for that of the trial court *(LoMuscio-Hamparian v Hamparian,* 137 AD2d 500). A review of the particular facts and circumstances of this case indicates that the pendente lite award was deficient to the extent indicated.

The parties herein were married in March 1982 and this divorce action was commenced in January 1987. They have one child, a daughter, currently aged four years who resides with the defendant. The plaintiff has a Master's degree in business administration from Harvard University, and is a 28% owner of the common stock of Sanford C. Bernstein & Co., Inc., an investment research and management company located in New York City. The company had gross annual revenues of over $100,000,000 in 1986, and had assets of over $300,000,000 as of the end of 1986. The plaintiff's net income after Federal taxes in 1986 was approximately $15,000,000, and his statement of net worth shows personal assets of over $18,000,000. The defendant does not have any independent source of income, and has no assets other than household furnishings, silverware, china, jewelry and artwork. The parties own, either separately or jointly, five pieces of real estate: a parcel in Pound Ridge, on which they have two residences; a home in Palm Springs, California; a cooperative apartment on Central Park South in New York City; a home in Jerusalem; and a home in Englewood, New Jersey. Except for the apartment, the plaintiff claims the other parcels as his separate property and lists them as being solely in his name. The parties often divided their time between the various residences, and expended funds lavishly on trips abroad, on clothing, gifts, and the like. The parties are in agreement that throughout 1986 and the first two months of 1987, the plaintiff provided the defendant with an allowance of $7,200 per month in addition to paying the carrying charges on the various residences.

In view of the parties' marital standard of living, the defendant's lack of any independent source of income, the plaintiff's clear ability to make the payments, and the fact

that any maintenance award would be taxable to the defendant and deductible by the plaintiff, a pendente lite award of maintenance and child support totaling about $8,600 per month, plus the carrying charges on the New York City apartment, would be appropriate (see, De Mato v De Mato, 101 AD2d 847; Schwartz v Schwartz, 112 AD2d 154; Brody v Brody, 98 AD2d 702). Furthermore, the court erred in failing to make the pendente lite award retroactive to the date of the first application therefor (Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; Dooley v Dooley, 128 AD2d 669; Khalily v Khalily, 99 AD2d 482).

With respect to the defendant's requests for interim counsel fees and interim accountant's fees, it is well settled that such fees are properly awarded in order to enable the movant to prosecute or defend the action, or to carry out necessary disclosure, as the case may be (Cook v Cook, 95 AD2d 768; Ahern v Ahern, 94 AD2d 53). It is readily apparent from the plaintiff's failure to file a complete net worth statement and from his claims that most, if not all, of his assets are separate property, that the litigation in this case may go on for some time. In light of the defendant's present inability to pay such fees, and in light of the plaintiff's ability to pay for the same, the defendant is awarded interim counsel fees of $30,000 and interim accountant's fees of $5,000, said fees to be payable within 30 days after the service of a copy of this decision and order upon the attorneys for the plaintiff. However, the defendant's request for real estate appraisal fees was properly denied with leave to renew upon proper papers since the defendant failed to supply an affidavit from an appraiser detailing what his or her services would entail and the estimated time involved (see, Coppola v Coppola, 129 AD2d 760). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.