■ DIANE BANKS, Appellant, v MITCHELL BANKS, Respondent. —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated May 1, 1987, as granted her application for maintenance and child support pendente lite only to the extent of awarding her $100 per week as maintenance and $60 per week as child support, failed to make an additional award for payment of utilities and homeowners' insurance, and declined to grant her request for interim counsel fees, accountants' fees and appraisers' fees "without prejudice to plaintiff moving prior to the trial for accountants' and actuary fees", and (2) as limited by her brief, from so much of an order of the same court, dated September 29, 1987, as upon renewal, awarded her only an additional $396 per month, for utilities and automobile insurance, failed to make that award retroactive to the date of the original application for pendente lite relief, and awarded her only $1,125 in interim counsel fees.

Ordered that the appeal from so much of the order dated May 1, 1987, as failed to make an additional award for the payment of utilities and homeowners' insurance and declined to grant her request for interim counsel fees, is dismissed, without costs or disbursements, as that portion of the order was superseded by the provision of the order dated September 29, 1987, made upon renewal, as awarded her an additional sum of $396 per month, and $1,125 in interim counsel fees; and it is further,

Ordered that the order dated May 1, 1987, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated September 29, 1987, is modified by adding a provision thereto that the payment of $396 per month is effective as of the date of service of the application therefor, and the order dated May 1, 1987, is modified accordingly; as so modified, the order dated September 29, 1987, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that any amounts due and owing back to the date of the original application for pendente lite relief shall be paid within 60 days after service upon the defendant of a copy of this decision and order, with notice of entry.

A review of the record indicates that the pendente lite award was proper. In this regard, we note that the court initially declined to grant the plaintiff an interim award for counsel fees, apparently because the financial information set forth in her motion papers did not warrant the requested relief. However, upon granting the renewed motion, based upon further information concerning the parties' financial circumstances, the court granted her an interim counsel fee award, "without prejudice to an application by plaintiff for additional counsel fees at trial". We find that this interim counsel fee award was sufficient under the circumstances.

However, the court erred in failing to make the additional award for the payment of utilities and automobile insurance which was granted in the order dated September 29, 1987, retroactive to the date of the plaintiff's original application for pendente lite relief. Domestic Relations Law § 236 (B) (6) (a) requires the court to make its order effective as of the date of service of the application, which in this case was on or about January 20, 1987 (see, Dooley v Dooley, 128 AD2d 669; Evangelista v Evangelista, 111 AD2d 904).

We have considered the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.