■ Joseph Caviolo, Appellant, v Jean Caviolo, Respondent. —In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered July 8, 1988, as awarded the defendant wife pendente lite maintenance in the amount of $275 per week and interim counsel fees of $1,250, and (2) from so much of an order of the same court, entered September 29, 1988, as upon granting reargument, substantially adhered to its original determination, and granted that branch of the defendant's cross motion which was for leave to enter a judgment for arrears in temporary maintenance accrued from April 27, 1988.

Ordered that the appeal from the order entered July 8, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order entered September 29, 1988, made upon reargument; and it is further,

Ordered that the order entered September 29, 1988, is modified, on the law, by deleting the provision thereof which directed that the award of temporary maintenance "be paid effective April 27, 1988", and substituting therefor a provision that the award of temporary maintenance be paid effective May 2, 1988; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We find that the award of $275 per week as pendente lite maintenance and $1,250 as temporary counsel fees is reasonable in light of the relative economic positions of the parties *(see, Gunn v Gunn,* 143 AD2d 393; *Van Ess v Van Ess,* 100 AD2d 848; *Palmer v Palmer,* 76 AD2d 905). We note, moreover, that the remedy for alleged inequities in a pendente lite award is a speedy trial at which a more detailed examination of the parties' financial circumstances may be conducted *(see, Sherman v Sherman,* 135 AD2d 806; *Isham v Isham,* 123 AD2d 742; *Chosed v Chosed,* 116 AD2d 690).

Additionally, we find that the Supreme Court properly required the husband to make payments of temporary maintenance retroactive to the date of the wife's application for pendente lite relief *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Bernstein v Bernstein,* 143 AD2d 168; *Salerno v Salerno,* 142 AD2d 670; *Khalily v Khalily,* 99 AD2d 482). However, the award of temporary maintenance should be made effective as of May 2, 1988, the date of service of the wife's application *(see, Dooley v Dooley,* 128 AD2d 669) and the order entered September 29, 1988 is, therefore, modified to reflect this date.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.