■ ALAN ROSS, Respondent, v PATRICIA ROSS, Appellant.—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated February 6, 1989, as (1) granted that branch of her motion which was for pendente lite maintenance only to the extent of directing that the plaintiff husband pay her the sum of $75 per week, (2) directed that the pendente lite payments were retroactive only to the date of the referral of the motion to Justice Di Noto, and (3) denied that branch of her motion which was for an award of interim attorney's fees.

Ordered that the order is modified, on the law, by (1) deleting therefrom the provision directing that the pendente lite maintenance payments be retroactive to the date of the referral of the motion to Justice Di Noto, and substituting therefor a provision directing that the pendente lite maintenance payments be retroactive to the time of the defendant's application therefor, and (2) deleting the provision denying the branch of her motion which was for an award of interim attorney's fees and substituting therefor a provision granting an award of interim attorney's fees in the sum of $1,500; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

An award of temporary maintenance is designed to assure that the financial needs of a matrimonial litigant will be met during the pendency of the litigation and is not intended to reflect what the ultimate resolution of the parties' financial dispute should be (see generally, McCarthy v McCarthy, 156 AD2d 346; Strong v Strong, 142 AD2d 810, 812; Crowley v Crowley, 120 AD2d 559; Fagelbaum v Fagelbaum, 115 AD2d 454). Since the defendant, who is still relatively young, now lives in a house concededly owned by her parents, we find that the Supreme Court's award of pendente lite maintenance was sufficient. However, the Supreme Court erred in failing to make the maintenance award retroactive to the date of the defendant's application (see, Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; Bernstein v Bernstein, 143 AD2d 168; Dooley v Dooley, 128 AD2d 669).

Finally, considering the merits of the defendant's position on the various issues presented in this case, and considering particularly the relative simplicity of the economic issues, along with all the other and relevant circumstances (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879), we find that an award of interim attorney's fees is warranted, but only to the extent indicated. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.