■ Santo Nappi, Respondent, v Regina Nappi, Appellant. [651 NYS2d 51] —In an action for a divorce and ancillary relief,

the defendant wife (1) appeals, as limited by her brief, from stated portions of (a) an amended decision of the Supreme Court, Nassau County (Yachnin, J.), dated May 9, 1995, which determined, *inter alia,* the issues of equitable distribution, and (b) a judgment of the same court entered July 5, 1995, which, after a nonjury trial, *inter alia,* (i) declined to value the husband's master's degree on the ground that it had merged into his career and had no separate value, (ii) valued her master's degree as a marital asset worth $139,923, (iii) directed her to pay the husband the sum of $4,000, representing the difference in value of the automobile awarded to her and the automobile awarded to him, (iv) awarded her $73,301.01 contained in certain bank accounts as her sole property and directed the parties to transfer that sum into an account in her name in trust for her nephew, and (v) awarded her maintenance of $431 per week for two months from the date of the court's decision dated April 24, 1995, and $239 per week for the following seven months, and (2) purportedly appeals from a Qualified Domestic Relations Order of the same court also entered July 5, 1995.

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the purported appeal from the Qualified Domestic Relations Order is dismissed as no notice of appeal from that order was filed *(see,* CPLR 5515); and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting from the eighteenth decretal paragraph thereof the following language: (a) "in trust for the benefit of her nephew Andrew Hickey", and (b) "the parties are directed to cooperate to immediately transfer said monies into an account titled 'Regina Nappi In Trust For Andrew Hickey'; said account shall be in accordance with the terms set forth in the decision of this court dated April 24, 1995", (2) deleting the twenty-third decretal paragraph thereof which valued the wife's master's degree in social work at $139,923 and directed distribution of that asset, (3) deleting from the twenty-fourth decretal paragraph the sum of $8,343.31 and substituting therefor the sum of $14,159.28, (4) deleting the twenty-fifth decretal paragraph, and substituting therefor a decretal paragraph directing the husband to pay the wife the sum of $250 per week as maintenance as of May 12, 1993, until either the wife reaches the age of 65 or collects her share of the husband's pension, with all maintenance terminating in the event that either party dies or the wife remarries, and

directing the husband to pay directly the mortgage, water, heat, electric, telephone (up to $50 per month) and lawn expenses until the premises are sold, but not for more than 9 months from the date of the original decision dated April 24, 1995; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith and entry of an appropriate amended judgment.

The parties were married on October 24, 1959. At the time of the trial, the husband was 61 years old and the wife was 56 years old. The husband was employed full-time with the New York State Division of Parole and had a part-time position with the Suffolk County Department of Social Services. The husband's salary from both positions was approximately $97,500. The wife, a licensed social worker, had not worked since February of 1992 and was under the care of a psychiatrist for a major depressive disorder since August of 1992. Considering the husband's financial circumstances, the wife's future earning capacity, the wife's contribution to the marriage, and the parties preseparation standard of living (see, Feldman v Feldman, 194 AD2d 207, 218), a maintenance award of $250 per week until the wife either reaches age 65 or collects her share of the husband's pension is proper. On remittitur, the Supreme Court is to determine the arrears that have accrued by reason of the increased maintenance award.

The Supreme Court erred in charging the wife $5,815.97 for carrying charges on the marital residence. The pendente lite order directed the husband to pay the carrying charges. This order was effective as of the date of service of the application for pendente lite relief (see, Domestic Relations Law § 236 [B] [6] [a]; Ross v Ross, 157 AD2d 652, 653; Caviolo v Caviolo, 155 AD2d 410; Banks v Banks, 148 AD2d 407; Bernstein v Bernstein, 143 AD2d 168, 170; Salerno v Salerno, 142 AD2d 670, 672; Khalily v Khalily, 99 AD2d 482). Therefore, the wife is entitled to a credit for carrying charges she paid after the date of service of her application for pendente lite relief. Accordingly, the matter is remitted to the Supreme Court to determine the amount of the credit.

The Supreme Court was without authority to direct that the wife place the money she inherited from her brother's estate into an account in trust for her nephew.

The husband's and wife's master's degrees must be valued in light of McSparron v McSparron (87 NY2d 275).

The wife's remaining contentions are either unpreserved for

appellate review or without merit. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.