■ ELICIA HUNTER, Respondent, v JOHN HUNTER, Appellant. [650 NYS2d 710] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 6, 1995, which, *inter alia*, granted in part plaintiff's cross motion for confirmation of a Referee's report recommending an upward modification of defendant's child support obligations, unanimously modified, on the law and the facts, to the extent of remanding the matter for a re-calculation of the amount of the upward modification of defendant's child support payment in accordance herewith, deleting the provision imposing upon defendant the education expenses of the parties' older daughter; and directing that, as to the issue of medical expenses, the parties will pay, on a pro rata basis according to their relative incomes, the parties' younger daughter's future medical expenses not covered by plaintiff's insurance, insurance deductibles and co-payments, and is otherwise affirmed, without costs.

We reject defendant's contention that plaintiff did not sustain her burden of proving that an upward modification of child support was warranted. Material changes in circumstances have occurred over the decade since the parties' divorce was finalized.

Citing Domestic Relations Law § 240 (1-b) (c) (7); (f), the court determined that defendant's pro rata annual support payment based on the first $80,000 of combined income would be $16,000. However, the court should have used a minimum percentage figure of 17% that applies to one child (Domestic Relations Law § 240 [1-b] [b] [3] [i]), not 25%, which applies to two children, for calculations of child support payments following the 21st birthday of the parties' older daughter, which occurred three months prior to the issuance of the court's decision. (The 25% figure would apply for the period between service of the original application in this proceeding [*see, Dooley v Dooley*, 128 AD2d 669], which apparently took place in October 1993, and the older daughter's 21st birthday, which was in September 1994.) Moreover, the court did not explain how it arrived at the additional $2,500 per year obligation in regard to defendant's income in excess of $80,000; presumably this figure should be lower if support for only one child is contemplated. Thus, this matter must be remanded for a recalculation.

The court also erred in directing defendant to pay the "education expenses" of the parties' older daughter. The court directed defendant to pay prospectively all of the older daughter's expenses for her remaining time in college that are not covered by scholarships or a work-study program. However, since she had been emancipated, defendant is not obligated to pay such support.

The parties should provide in the future, on a pro rata basis according to their relative incomes, for the younger daughter's non-reimbursed medical expenses, insurance deductibles and co-payments. The IAS Court implicitly took note of the fact that plaintiff's employer's policy covers the younger daughter, and directed plaintiff to continue that coverage.

Finally, we find the award of attorney's fees to be reasonable under the facts and circumstances of this case. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.