PATRICIA PENNA, Respondent, v HENRY PENNA, Appellant. [817 NYS2d 313]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered September 28, 2004, which, inter alia, awarded $60,000 to the plaintiff as her separate property, directed him to purchase a life insurance policy with a face value of $25,000, directed him to pay the plaintiff maintenance in the sum of $400 per week, and awarded the plaintiff an attorney's fee in the sum of $13,147.38, and (2) from an order of the same court dated February 3, 2005, which denied his motion for a stay pending appeal and granted the plaintiff's cross motion for an award of an appellate counsel fee.

Ordered that the judgment is modified, on the law and the

facts, by (1) deleting so much of the fifth decretal paragraph thereof as awarded $60,000 to the plaintiff as her separate property, (2) deleting so much of the eleventh decretal paragraph thereof as directed that the defendant pay the plaintiff maintenance in the sum of $400 per week that shall continue until the remarriage of the plaintiff or the death of either party and substituting therefor a provision directing that the defendant pay the plaintiff maintenance in the sum of $125 per week until the first of either her remarriage, her attainment of age 66, or her death, (3) deleting so much of the twelfth decretal paragraph thereof as required the defendant to purchase a life insurance policy with a face value of $25,000 and substituting therefor a provision requiring the stated policy to have a value of $52,000, such requirement to be coterminous with the maintenance obligation, and (4) deleting the thirteenth decretal paragraph awarding the plaintiff an attorney's fee in the sum of $13,147.38; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated February 3, 2005, as denied the defendant's motion for a stay pending appeal is dismissed as academic; and it is further,

Ordered that the order dated February 3, 2005 is reversed insofar as reviewed, on the facts, and the plaintiff's cross motion for an award of an appellate counsel fee is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

During this long-term marriage, the parties, both of whom were born in 1946, were employed and enjoyed a modest middle-class lifestyle. The principal asset of the marriage was the marital residence, improved by an apartment constructed in 1987 with $60,000 given to the parties by the plaintiff's mother. The plaintiff also inherited considerable funds during the marriage, the balance of which remains her separate property.

The $60,000 given by the plaintiff's mother to the parties during the marriage for the purpose of building her an apartment within the marital residence lost its character as separate property and became marital property; as such, it should have been distributed between the parties rather than allocated solely to the plaintiff (*see Fuegel v Fuegel,* 271 AD2d 404 [2000]; *Seidman v Seidman,* 226 AD2d 1011 [1996]).

Further, the Supreme Court improvidently exercised its discretion in fixing the amount and duration of maintenance awarded to the plaintiff (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; *Hartog v Hartog,* 85 NY2d 36, 50-52 [1995]; *Feldman v Feldman,* 194 AD2d 207, 218 [1993]). In light of the

parties' ages and their lifestyle during the marriage, as well as their financial circumstances, the Supreme Court should have awarded the plaintiff maintenance only until the plaintiff becomes eligible for full Social Security benefits at the age of 66, remarries, or dies (*see Taylor v Taylor,* 300 AD2d 298 [2002]; *Kushman v Kushman,* 297 AD2d 333 [2002]; *Nappi v Nappi,* 234 AD2d 276 [1996]; *Kret v Kret,* 222 AD2d 412 [1995]). As to the amount of maintenance, given the plaintiff's present income, her doctor's testimony that she is capable of performing the functions required by her present employment, her reasonable needs, her separate property, and the defendant's financial circumstances, an award of maintenance in the sum of $125 per week is appropriate (*see Graves v Graves,* 307 AD2d 1022 [2003]; *Granade-Bastuck v Bastuck,* 249 AD2d 444 [1998]; *O'Sullivan v O'Sullivan,* 247 AD2d 597 [1998]).

The judgment directed the defendant to maintain an insurance policy for the plaintiff's benefit with a face value of $25,000. It is clear from the decision after trial that this was intended to be $250,000, which amount is excessive. The life insurance policy should be for an amount commensurate with the collective sum of the maintenance payments of $52,000, coterminous with the period of maintenance.

In light of the parties' respective financial circumstances, which are about equal, the Supreme Court's award of an attorney's fee to the plaintiff for the trial and appeal was an improvident exercise of discretion (*see Matter of Mullen v Just,* 288 AD2d 476 [2001], *cert denied* 537 US 820 [2002]; *Kavanakudiyil v Kavanakudiyil,* 203 AD2d 250, 252 [1994]). Florio, J.P., Rivera, Fisher and Lunn, JJ., concur.