■ HEATHER WALD, Appellant, v STEVEN A. WALD et al., Respondents. [844 NYS2d 86]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Fitzmaurice, J.), entered June 22, 2006, which denied her motion, inter alia, for pendente lite child support, maintenance, and an interim attorney's fee.

Ordered that the order is modified, on the law and in the exercise of discretion, by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was for pendente lite maintenance and child support, and substituting therefor a provision granting that branch of the motion to the extent of

awarding her the sum of $1,750 per month in combined mainte-
nance and child support pending trial of the action, over and
above the $7,500 disbursement ordered by the Supreme Court,
Rockland County, in the guardianship proceeding entitled *Mat-
ter of Wald,* under index No. 5952/00, retroactive to February 9,
2006, and (2) deleting the provision thereof denying that branch
of the plaintiff's motion which was for an interim attorney's fee
in the amount of $20,000 and substituting therefor a provision
granting that branch of the motion; as so modified, the order is
affirmed, with costs to the plaintiff.

The parties were married in 1989 and there are three minor
children of the marriage. Prior to an accident in August 2000,
as a result of which the defendant husband sustained severe
brain injuries, he was a dentist earning over $400,000 per year.
Following the accident, the husband was unable to continue in
his dental practice. In December 2000 the Supreme Court,
Rockland County (Weiner, J.), adjudicated the husband an inca-
pacitated person and appointed the plaintiff wife as his guard-
ian. In May 2003 the wife was removed as guardian and replaced
by the current co-guardians.

In November 2003 the guardianship court ordered the wife to
turn over to the co-guardians all assets in which the husband
had an interest, including all funds jointly held by the wife.
Thereafter, during a hearing on March 8, 2004, the guardian-
ship court directed the guardians to make disbursements in the
sum of $7,500 monthly from the guardianship fund to provide
for the expenses of the wife and children, without prejudice to
the submission of support issues to the matrimonial court.

In August 2004, after receiving permission from the guardian-
ship court, the wife commenced the instant action for divorce
and ancillary relief in the Supreme Court, Queens County. The
wife then moved in the matrimonial court, inter alia, for
pendente lite relief. Citing the guardianship court's monthly
$7,500 disbursement to the wife, the Supreme Court denied
that branch of the wife's motion. Under the circumstances of
this case, that denial was an improvident exercise of discretion.
The wife is entitled to a pendente lite award of $1,750 per month
in combined maintenance and child support, over and above the
amount of the guardianship budget, retroactive to February 9,
2006, the date of the wife's order to show cause seeking such
relief (*see Bourne v Bourne,* 237 AD2d 317, 318 [1997]; *Bernstein
v Bernstein,* 143 AD2d 168, 169-170 [1988]; *see also* Domestic
Relations Law § 236 [B] [6] [a], [7] [a]).

Pendente lite awards "should be an accommodation between
the reasonable needs of the moving spouse and the financial

ability of the other spouse . . . with due regard for the preseparation standard of living" (*Byer v Byer,* 199 AD2d 298 [1993]; *see Levakis v Levakis,* 7 AD3d 678 [2004]). A speedy trial is ordinarily the proper remedy to rectify a perceived inequity in a pendente lite award, though "the rule is not ironclad when the award is deficient" (*Byer v Byer,* 199 AD2d 298 [1993], quoting *Bernstein v Bernstein,* 143 AD2d 168, 169 [1988]). In such a case, this Court may substitute a discretionary determination for that of the trial court (*see Bourne v Bourne,* 237 AD2d 317 [1997]; *Bernstein v Bernstein,* 143 AD2d at 169).

Here, the Supreme Court denied that branch of the wife's motion which sought pendente lite maintenance and child support, finding that the $7,500 monthly disbursement from the guardianship funds was sufficient to meet the reasonable needs of the wife and children. Considering the substantial marital assets and the wife's monthly expenses, we disagree and find the amount deficient to the extent indicated. Based on the husband's claimed expenses in his most recent statement of net worth, the husband is possessed of sufficient income to provide the additional support, despite his substantial medical expenses. This award covers all expenses of the wife and children pending trial of this matter.

The Supreme Court improvidently exercised its discretion in denying that branch of the wife's motion which was for an award of an interim attorney's fee. Domestic Relations Law § 237 (a) provides that a court may award interim counsel fees to a spouse in a divorce action should the award be required "to enable the petitioning party to properly proceed." The provision "is designed to redress the economic disparity between the monied spouse and the non-monied spouse [so] that the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet" (*O'Shea v O'Shea,* 93 NY2d 187, 190 [1999]). The issue of counsel fees "although 'entrusted to the sound discretion of the trial court . . . is nonetheless controlled by the equities of the case and the financial circumstances of the parties' " (*Lutz v Goldstone,* 38 AD3d 720, 721 [2007], quoting *Popelaski v Popelaski,* 22 AD3d 735, 738 [2005]). Here, the marital assets of the parties are held in the guardianship account, leaving the wife without sufficient funds to properly proceed in the divorce action. Further, the guardianship court authorized payment of a retainer to the husband's matrimonial counsel from guardianship funds. Accordingly, the equities of the case warrant an award of an interim attorney's fee to the wife. She incurred reasonable legal fees in excess of the amount sought in her motion. Accordingly, that branch of her motion

which was for an award of an interim attorney's fee in the sum of $20,000 is granted.

The wife's remaining contentions are without merit. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.