■ CAROLYN D. ROSENBAUM, Appellant, v ERIC J. ROSENBAUM, Respondent. [866 NYS2d 234]—

---

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lubell, J.), entered March 7, 2007, as granted

that branch of the defendant's motion which was for an award of interim counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff wife and the defendant husband were married for almost five years and had two young children at the time that the wife commenced this action in 2004. After two years of extensive litigation, the husband moved, pursuant to Domestic Relations Law § 237 (a), for an award of interim counsel fees in the sum of $250,000.

While both parties are licensed physicians, the husband asserted, inter alia, that his "impoverished" financial condition required him to move into his parents' home and illustrated the "vast" disparity in the parties' financial condition. The wife claimed, inter alia, that she had virtually no monthly income from any of the trusts or properties in which she holds an interest, and that the special needs of the parties' children and her physical limitations preclude her from practicing medicine. The Supreme Court granted the husband's motion to the extent of awarding him interim counsel fees in the sum of $75,000, without prejudice to the reallocation of the fees at the close of trial. We affirm.

An award of interim counsel fees is designed to create parity in divorce litigation by preventing a monied spouse from wearing down a nonmonied spouse on the basis of sheer financial strength (see *O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Wald v Wald*, 44 AD3d 848 [2007]). The Supreme Court providently exercised its discretion in awarding interim counsel fees, based on the apparent disparity in the parties' relative financial positions (see Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Prichep v Prichep*, 52 AD3d 61 [2008]; *Wald v Wald*, 44 AD3d 848 [2007]; *Assini v Assini*, 11 AD3d 417, 419 [2004]; *DelDuca v DelDuca*, 304 AD2d 610, 611 [2003]; *Celauro v Celauro*, 257 AD2d 588 [1999]).

The wife's remaining contentions are without merit or are not properly before this Court. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.