■ Sandra Elena Hatem, Respondent, v Albert Anthony Hatem, Appellant. [919 NYS2d 901]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Lubell, J.), entered October 21, 2009, as, upon granting that branch of his motion which was for an award of child support, directed that the plaintiff's obligation to pay child support would be effective as of August 1, 2009, rather than as of April 6, 2009, the date the defendant filed his motion, and,

upon granting the cross motion of the Attorney for the Child for an award of fees, in effect, directed that payment of the fees be made from escrow funds consisting of proceeds from the sale of the marital residence.

Ordered that the order is modified, on the law, by deleting the provision thereof directing that the plaintiff's obligation to pay child support would be effective as of August 1, 2009, and substituting therefor a provision directing that the plaintiff's obligation to pay child support be effective as of April 6, 2009; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As an initial matter, "CPLR 5515 (1) requires that a notice of appeal designate the judgment or order, or specific part of the judgment or order, from which the appeal is taken. This requirement is jurisdictional. By taking an appeal from only a part of a judgment or order, a party waives its right to appeal from the remainder thereof" (*City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997] [citations omitted]). Given the limited scope of the defendant's notice of appeal, his contentions concerning the Supreme Court's denial of his cross motion for a money judgment against the plaintiff are not properly before this Court (*see Paterno v Carroll*, 75 AD3d 625, 629 [2010]; *Huger v Cushman & Wakefield, Inc.*, 58 AD3d 682, 683 [2009]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d at 516-517).

The defendant is correct that the Supreme Court erred in failing to make the child support award retroactive to the date that he filed his motion (*see* Domestic Relations Law § 236 [B] [7] [a]; *Ross v Ross*, 157 AD2d 652, 653 [1990]; *Nappi v Nappi*, 234 AD2d 276, 278 [1996]; *Banks v Banks*, 148 AD2d 407, 408 [1989]; *Bernstein v Bernstein*, 143 AD2d 168, 170 [1988]). There is no basis in the record for the Supreme Court to have diverged from the statutory mandate. Accordingly, we modify the order appealed from by directing that the plaintiff's child support obligation be effective as of April 6, 2009, the date that the defendant filed his motion (*see* Domestic Relations Law § 236 [B] [7] [a]).

Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court did not err in directing that the payment of fees to the Attorney for the Child be made from escrow funds consisting of proceeds from the sale of the marital residence. Covello, J.P., Eng, Hall and Lott, JJ., concur.