■ LINDA ROPIECKI, Respondent, v GARY ROPIECKI, Appellant. [941 NYS2d 650]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) a decision of the Supreme Court, Orange County (Ritter, J.), dated May 27, 2010, made after a nonjury trial, (2) an order of the same court dated September 9, 2010, and (3) stated portions of a judgment of the same court, also dated September 9, 2010, which, upon the decision and the order, inter alia, directed that his maintenance obligation be retroactive to the date the action was commenced, awarded him credit toward maintenance arrears for voluntary payments he had made in the sum of only $180,179.28, awarded the plaintiff 100% of the equity in the marital home, awarded the plaintiff a portion of his bonus in the sum of $200,000 as part of the equitable distribution of marital assets, directed him to maintain a life insurance policy naming the plaintiff as an irrevocable beneficiary in the sum of $1,500,000, and directed him to pay 90% of all of the plaintiff's unreimbursed health care expenses.

Ordered that the appeals from the decision and the order are dismissed; and it is further,

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff a portion of the defendant's bonus in the sum of $200,000 as part of the equitable distribution of marital assets, (2) by deleting the provision thereof directing the defendant to maintain a life insurance policy naming the plaintiff as an irrevocable beneficiary in the sum of $1,500,000, and substituting therefor a provision directing the defendant to maintain a life insurance policy naming the plaintiff as an irrevocable beneficiary in the sum of $1,200,000 until the plaintiff reaches the age of 65, and in the sum of $600,000 thereafter for as long as the defendant is obligated to pay maintenance, and (3) by deleting the provision thereof directing the defendant to pay 90% of all of the plaintiff's unreimbursed health care expenses and substituting therefor a provision directing the defendant to pay 90% of all of the plaintiff's unreimbursed health care expenses for as long as he is obligated to pay maintenance; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and for

the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]). In addition, the appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the defendant's contentions, the Supreme Court properly exercised its discretion in directing that his maintenance obligations be retroactive to the date the action was commenced (*see* Domestic Relations Law § 236 [B] [6] [a]; *Schiffer v Schiffer*, 21 AD3d 889, 890 [2005]), and properly awarded the defendant credit toward the maintenance arrears for voluntary payments he had made in the sum of only $180,179.28. The defendant is not entitled to any further credit for voluntary payments, as the expenses from his net worth statement included payments made on behalf of himself and his emancipated children, payments for which the wife was not responsible (*see Horne v Horne*, 22 NY2d 219, 224 [1968]; *LiGreci v LiGreci*, 87 AD3d 722, 724 [2011]). Moreover, the defendant's contention that the Supreme Court improperly awarded the plaintiff maintenance until she reaches the age of 65 or the defendant retires, whichever is later, is not properly before this Court given the limited scope of the defendant's notice of appeal (*see* CPLR 5515 [1]; *Hatem v Hatem*, 83 AD3d 663, 664 [2011]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]).

"Equitable distribution does not necessarily mean equal distribution" (*Arrigo v Arrigo*, 38 AD3d 807, 807 [2007]). Here, the Supreme Court properly considered the relevant statutory factors in fashioning the distribution (*id.* at 807; *see Shapiro v Shapiro*, 35 AD3d 585, 587 [2006]). The parties were married for 27 years, and the plaintiff's very limited earning potential is a result of her staying home and taking care of the parties' four children, including their daughter, who suffers from Retts Syndrome and is severely disabled. The defendant, by contrast, acquired considerable earning potential. Under the circumstances, the Supreme Court providently exercised its discretion in awarding the plaintiff 100% of the equity in the marital home. Similarly, the Supreme Court properly required the defendant

to pay the remaining mortgage debt on the marital home in full before transferring title to the plaintiff (*see Wexler v Wexler*, 34 AD3d 458, 460 [2006]; *Christmann v Christmann*, 294 AD2d 527, 528 [2002]; *Toffler v Toffler*, 252 AD2d 580 [1998]).

The defendant contends that the Supreme Court improperly required that he pay, inter alia, for all of the repairs and maintenance of the marital home until he delivered title to the plaintiff because such obligations were open-ended. This contention is not properly before this Court, as it was not raised before the Supreme Court by the defendant on his motion for reargument, which was made prior to the entry of the judgment (*see Village Taxi Corp. v Beltre*, 91 AD3d 92 [2011]).

The defendant correctly contends that the Supreme Court improperly awarded the plaintiff a portion of his bonus in the sum of $200,000 as part of the equitable distribution of marital assets. The defendant's bonus, awarded in 2006, after the commencement of the instant action, was provided as an incentive for future services. Based on the defendant's testimony at trial, as well as the Executive Incentive Bonus Plan that sets forth the terms of the bonus, the bonus plan was adopted by the defendant's employer in October 2006 as an incentive for certain employees, including the defendant, to meet certain goals and to ensure the successful sale of the company in the future. Accordingly, the bonus was compensation for future services that were not performed prior to the commencement of the instant action and, thus, was separate property not subject to equitable distribution (*see DeJesus v DeJesus*, 90 NY2d 643, 652 [1997]; *Bink v Bink*, 55 AD3d 1244, 1245 [2008]).

In light of the foregoing, the distributive award must be reconsidered to ensure that the plaintiff is awarded her equitable share of the marital property. Accordingly, we remit the matter to the Supreme Court, Orange County, for further review and a recalculation, if warranted, of the equitable distribution of marital property other than the marital residence, and for the entry of an appropriate amended judgment thereafter.

Moreover, under the circumstances of this case, including the monthly amount of the defendant's maintenance obligation and the ages of the parties, the amount of life insurance the defendant was required to carry, as ordered by the Supreme Court, was excessive, and has been reduced accordingly (*see Litvak v Litvak*, 63 AD3d 691, 693 [2009]; *Penna v Penna*, 29 AD3d 970, 972 [2006]).

Furthermore, the Supreme Court improvidently directed the defendant to pay 90% of the plaintiff's unreimbursed health care expenses, as such open-ended obligations have been consis-

tently disfavored by this Court (see Bains v Bains, 308 AD2d 557, 559-560 [2003]; Zabin v Zabin, 176 AD2d 262, 264 [1991]). The Supreme Court should have directed the defendant to pay 90% of the plaintiff's unreimbursed health care expenses only for as long as he is obligated to pay maintenance. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.