■ REBECCA CHUSID, Respondent, v DANIEL SILVERA, Appellant. [972 NYS2d 625]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated October 24, 2012, as granted the plaintiff's motion for an award of interim counsel fees in the sum of $100,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion for an award of interim counsel fees in the sum of $100,000, and substituting therefor a provision granting the plaintiff's motion to the extent of awarding her interim counsel fees in the sum of $75,000, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]; *see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Meltzer v Meltzer*, 63 AD3d 702, 703 [2009]; *Wald v Wald*, 44 AD3d 848, 850 [2007]). Here, the Supreme Court providently exercised its discretion in awarding the plaintiff an interim counsel fee based on the apparent disparity in the parties' financial circumstances (see Domestic Relations Law § 237 [a]; *Rosenbaum v Rosenbaum*, 55 AD3d 713 [2008]; *Prichep v Prichep*, 52 AD3d at 65-66). However, an interim counsel fee award in the sum of $75,000 is sufficient to ensure that the plaintiff can litigate this action on equal footing with the defendant, and thus we reduce the interim counsel fee awarded by the Supreme Court.

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.