Chiarello v Chiarello (2023 NY Slip Op 01498)

Chiarello v Chiarello

2023 NY Slip Op 01498

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-02934
 (Index No. 940/16)

[*1]Nicholas Chiarello, appellant,
v
Geraldine Chiarello, respondent.

Gorlick, Kravitz & Listhaus, P.C., New York, NY (Courtney A. Chua of counsel), for appellant.
Picarello & Saciolo, P.C., Islandia, NY (Nicholas E. Arazoza of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated December 20, 2018. The order, insofar as appealed from, granted the defendant's motion for an award of interim counsel fees to the extent of directing the plaintiff to pay interim counsel fees for the defendant in the sum of $20,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, the plaintiff commenced this action for a divorce and ancillary relief against the defendant. In September 2018, the defendant moved for an award of interim counsel fees in the sum of $25,000. In an order dated December 20, 2018, the Supreme Court granted the motion to the extent of directing the plaintiff to pay interim counsel fees for the defendant in the sum of $20,000. The plaintiff appeals.
"The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on equal footing with the monied spouse" (Tomassetti v Tomassetti, 194 AD3d 882, 883 [internal quotation marks omitted]). Unlike a final award of counsel fees, a detailed inquiry or evidentiary hearing is not required prior to an award of interim counsel fees (see Vistocco v Jardine, 116 AD3d 842, 844; Prichep v Prichep, 52 AD3d 61, 65). Under the circumstances presented here, including the disparity of income between the parties, the plaintiff's litigation tactics, and the evidence showing that the defendant lacked the resources necessary to continue litigating the action, the Supreme Court providently exercised its discretion in granting the defendant's motion for an award of interim counsel fees to the extent of directing the plaintiff to pay the sum of $20,000 to the defendant's counsel (see Domestic Relations Law § 237[a]; Doscher v Doscher, 137 AD3d 962, 965; Rosenbaum v Rosenbaum, 55 AD3d 713, 714; Prichep v Prichep, 52 AD3d at 65-66).
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court